AIKENS, Plaintiff in error, vs. THE STATE, Defendant in error.

HUEGIN, Plaintiff in error, vs. SAME, Defendant in error.

HOYT, Plaintiff in error, vs. SAME, Defendant in error.

*February 1—February 18, 1902.*

*State ex rel. Durner v. Huegin,* 110 Wis. 189, followed.

ERROR to review a judgment of the municipal court of Milwaukee county: GEO. W. BURNELL, Judge. *Affirmed.*

*Andrew J. Aikens* and others were convicted of violating Stats. 1898, sec. 4466a. Each of the plaintiffs in error sued out his proper writ to review a judgment of the municipal court of Milwaukee county, adjudging him guilty of having committed an offense by violating sec. 4466a, Stats. 1898, as charged in the information. The sufficiency of the complaint upon which the plaintiffs in error were originally charged and brought before a magistrate for their preliminary examination, and the constitutionality of sec. 4466a, were considered by this court and sustained on a review of *habeas corpus* proceedings on writs of error; the causes being reported in 110 Wis. 189. On such review there was no question but that the complaint fully satisfied the statute. It was challenged, and the statute as well, on constitutional grounds. After such decision the causes were remanded for further proceedings according to law, whereupon an information was duly filed, charging the accused persons in all respects substantially as in the complaint, which had been passed upon as aforesaid. Upon being duly arraigned upon such information, *Andrew J. Aikens* and *Albert Huegin* separately filed pleas admitting the charge made against them, but insisting that the same did not constitute a criminal offense, asigning in support thereof the same reasons as those formerly urged and passed upon by this court as aforesaid. *Melvin A. Hoyt,* being duly arraigned upon the in-

formation, took the same course as his associates by demurring to such information. The special pleas and the demurrer to the information were overruled. The plaintiffs in error thereupon, each in his own behalf, refused to plead over to the information, admitted all the allegations thereof, but insisted that the acts charged do not constitute a punishable offense. Thereupon the plaintiffs in error were severally adjudged guilty as charged in the information, and punishment therefor was duly imposed by the judgment of the court. Thereupon these writs of error were sued out to review such judgments.

For the plaintiffs in error the cause was submitted on a brief signed by *W. H. Timlin,* for the plaintiff in error *Aikens, George H. Van Dyke,* for the plaintiff in error *Huegin,* and *N. S. Murphey,* for the plaintiff in error *Hoyt.*

[No brief on file for the defendant in error.]

MARSHALL, J.    From the foregoing statement it appears that all the questions raised in the court below by plaintiffs in error were considered and decided against them in *State ex rel. Durner v. Aikens,* 110 Wis. 189 ; *State v. Huegin,* Id. ; and *State v. Hoyt,* Id.    The trial court followed that decision, as it was bound to do.    As we understand the matter, the information contains the same charge as the one set forth in the complaint, the plaintiffs in error in effect pleaded guilty thereto, admitting the doing of all the acts charged against them, and they were thereupon duly adjudged guilty and sentenced. In that view the judgments must be affirmed, as all questions in regard to the matters are *res adjudicata,* as before indicated.

*By the Court.*—The judgment as to each of the plaintiffs in error is affirmed.