## AIKENS v. WISCONSIN.

## HUEGIN v. WISCONSIN.

## HOYT v. WISCONSIN.

ERROR TO THE SUPREME COURT OF THE STATE OF WISCONSIN.

Nos. 3, 4, 5. Argued November 7, 1903.—Reargued October 17, 1904.—Decided November 7, 1904.

Malicious mischief is a familiar and proper subject for legislative repression as are also combinations for the purpose of inflicting it, and liberty to combine to inflict such mischief, even upon such intangibles as business or reputation, is not among the rights which the Fourteenth Amendment was intended to protect.

Section 4466a, Wisconsin Statutes of 1898, prohibiting combinations for the purpose of willfully or maliciously injuring another in his reputation,

trade, business or profession, is not in conflict with the Fourteenth Amendment so far as the section applies to such a combination made from solely malevolent motives.

THE facts, which involved the constitutionality of § 4466*a* of the statutes of Wisconsin, 1898, are stated in the opinion of the court.

*Mr. W. H. Timlin* and *Mr. Goerge D. Van Dyke* for plaintiffs in error in Nos. 3 and 4:

Section 1 of the Fourteenth Amendment of the Federal Constitution contains an express restriction against the State, through any of its governmental agencies, executive, legislative or judicial, depriving any person of liberty or property without due process of law. The words "liberty or property" not having been defined in the Constitution it is for the court to determine their scope and meaning according to the usual rules of construction, including of course the meaning which has been given to these words or either of them in judicial decisions, or juristic writings.

The constitutionality of § 4466*a* must be determined in this court upon the construction given to it by the Supreme Court of Wisconsin, *Machine Co.* v. *Gage*, 100 U. S. 676, that it prohibits intentional joint action of any kind intended to cause loss of trade to another. This includes coöperation in trade competition. Thus construed the statute is unconstitutional.

If the state court had limited "injury" in this penal statute to mean, "an infraction of some legal right," *Penna. R. R. Co.* v. *Marchant*, 119 Pa. St. 541, or had excepted the acts of coöperation in trade competition, different questions might arise. It did not do so. It treated loss of customers as an "injury." Because this is the only injury claimed. A criminal statute cannot be used as a drag net to ensnare the guilty and the innocent, leaving the latter to extricate themselves as they can. *Trade Mark Cases*, 100 U. S. 82; *Montana Co.* v. *St. Louis Co.*, 152 U. S. 170, citing *Stuart* v. *Palmer*, 74 N. Y. 183; *In re Ah Jow*, 29 Fed. Rep. 181.

The statute, as construed, subjects to criminal prosecution those who enter into an ordinary partnership to compete in trade and win away customers from another, at least provided a jury find their intentions in doing so to be malicious, and it makes criminal many agreements in trade competition approved and found to be a lawful exercise of the right of liberty to contract by many other eminent courts such as the agreements held valid in *Niagara Fire Ins. Co.* v. *Cornell*, 110 Fed. Rep. 816; *State* v. *Julow*, 29 L. R. A. 257 (Missouri); *People* v. *Gilson*, 109 N. Y. 389; *Steamship Co.* v. *McGregor*, 21 Q. B. D. 544; S. C., 23 Q. B. D. 598; S. C., [1892] App. Cas. 25; *Orr* v. *Ins. Co.*, 12 La. Ann. 255; *Hunt* v. *Simonds*, 19 Missouri, 583, 591; *Anderson* v. *United States*, 171 U. S. 604; *Doctor* v. *Riedel*, 96 Wisconsin, 158; *Bowen* v. *Matheson*, 14 Allen, 499; *Transportation Co.* v. *Oil Co.*, 50 W. Va. 611; S. C., 40 S. E. Rep. 591; *Watch Case Co.* v. *Watch & Clock Co.*, 66 Fed. Rep. 637; *In re Grice*, 79 Fed. Rep. 627; but see 169 U. S. 284; *Adler* v. *Fenton*, 24 How. 407–413; *McCauley* v. *Tierney*, 37 L. R. A. 455; *Bohn Mfg. Co.* v. *Lumbermen's Assn.*, 21 L. R. A. 337.

Even this court is able to say from the information alone (without here considering the plea) as the state court said in the *habeas corpus* case, that there could be no competitive purpose served by the acts charged against the accused. The accused cannot by law be deprived of their liberty to contract, collectively or individually, with whom, at what rates and upon what terms they choose, including terms which prohibit their customer from dealing with their competitor. *Coffeyville &c. Co.* v. *Perry*, 76 Pac. Rep. (Kan.) 848; *State ex rel.* v. *Kreutzberg*, 114 Wisconsin, 530; *Allgeyer* v. *Louisiana*, 165 U. S. 578; *Carew* v. *Rutherford*, 106 Massachusetts, 1; *Allen* v. *Flood*, [1898] A. C. 1; *Doremus* v. *Hennessey*, 176 Illinois, 608; *Wallace* v. *Georgia &c. R. R. Co.*, 94 Georgia, 732; *State* v. *Julow*, 129 Missouri, 163; *People* v. *Warren*, 34 N. Y. Supp. 942; *Chicago* v. *Hurlbert*, 68 N. E. Rep. 786, 792; *Commonwealth* v. *Perry*, 155 Massachusetts, 117; Cooley on Torts, 278.

A strike or boycott becomes an unlawful conspiracy, not by

reason of the refusal of the interested parties to assume or continue contractual relations with the persons to be coerced, which is a legal right, but by reason of the strikers or boycotters going beyond this and preventing, even in some cases by persuasion, others with whom the strikers or boycotters neither have nor intend to have contract relations, from entering into contract relations with the person to be coerced. *Erdmann* v. *Mitchell*, 207 Pa. St. 79; *S. C.*, 56 Atl. Rep. 327; *Gray* v. *Building Trades Council*, (Minn.) 97 N. W. Rep. 663; *Arthur* v. *Oakes*, 11 C. C. A. 209; *S. C.*, 63 Fed. Rep. 310; *Martell* v. *White*, 69 N. E. Rep. (Mass.) 1085; *Van Horn* v. *Van Horn*, 52 N. J. Law, 284; *Vegelahn* v. *Gunter*, 167 Massachusetts, 92; *Plant* v. *Woods*, 176 Massachusetts, 492; *Perkins* v. *Pendleton*, 90 Maine, 196; *Hopkins* v. *Oxley Stave Co.*, 83 Fed. Rep. 912; *Bohn Mfg. Co.* v. *Hollis*, 54 Minnesota, 223; *Knudsen* v. *Benn*, 123 Fed. Rep. 636; *Underhill* v. *Murphy*, 78 S. W. Rep. (Ky.) 482; *Barr* v. *Essex Trades Council*, 53 N. J. Eq. 101; *Park* v. *Druggists' Assn.*, 175 N. Y. 1; *Delz* v. *Winfree*, 80 Tex. Sup. 400; *Walker* v. *Cronin*, 107 Massachusetts, 555; *Beck* v. *Railway &c. Union*, 118 Michigan, 497; *National Assn.* v. *Cummings*, 170 N. Y. 315.

No one can be held answerable in law for the exercise of a legal right on the ground that it was exercised with malevolent intent. *Doctor* v. *Riedel*, 96 Wisconsin, 158; *Raycroft* v. *Tayntor*, 68 Vermont, 219; *Walker* v. *Cronin*, 107 Massachusetts, 555; *Frazier* v. *Brown*, 12 Ohio St. 294; *Chatfield* v. *Wilson*, 28 Vermont, 49; *Mahan* v. *Brown*, 13 Wendell, 261; *Chipley* v. *Atkinson*, 23 Florida, 206; *South Royalton Bank* v. *Suffolk Bank*, 27 Vermont, 505; *Harwood* v. *Benton*, 32 Vermont, 724; *Phelps* v. *Nowlen*, 72 N. Y. 39; Am. Bar Assn., vol. 21, for 1898, 335, address of L. C. Krauthoff on Malice as an Ingredient of Civil Cause of Action; *Auburn &c. Road Co.* v. *Douglass*, 9 N. Y. 444, 450; but see 8 Harv. Law Rev. 511; *Glencoe &c. Co.* v. *Hudson &c. Co.*, 138 Missouri, 439; but see *Boyson* v. *Thorne*, 98 California, 578; *Baker* v. *Sun Ins. Co.*, 64 S. W. Rep. (Ky.) 967; *Chambers* v. *Baldwin*, 91 Kentucky, 122; *Boulier* v.

*McCauley,* 91 Kentucky, 135; *Connolly* v. *Union Sewer Pipe Co.,* 184 U. S. 540; *Adler* v. *Fenton,* 24 How. 407; *Kiff* v. *Youmans,* 86 N. Y. 324; *O'Callaghan* v. *Cronan,* 121 Massachusetts, 114; *Continental Ins. Co.* v. *Underwriters,* 67 Fed. Rep. 310; *Huttley* v. *Simmons,* [1898] 1 Q. B. 181; *Ajello* v. *Worsley,* [1898] 1 Ch. Div. 274; article in 18 Cent. L. J. 424, citing a great number of cases; *Kelly* v. *Railway Co.,* 93 Iowa, 436; *Passaic Print Works* v. *Ely & W. Dry Goods Co.,* 44 C. C. A. 426; *Quinn* v. *Leathem,* [1901] A. C. 495; *Robinson* v. *Texas Pine Lands Assn.,* 40 S. W. Rep. 843.

The act of combining can never be considered a wrong or a crime when done in the exercise of a legal right or attempted exercise of a legal right which requires for its exercise combination or coöperation notwithstanding a malevolent purpose is admitted in some of the cases by demurrer. Many of the cases cited *supra* and *Kearney* v. *Lloyd,* 26 L. R. (Irish) 268; *Boyer* v. *West. Union Telegraph Co. et al.,* 124 Fed. Rep. 246.

The statute is unconstitutional as depriving one of his liberty to make contracts and it is not a police regulation. *State* v. *Julow,* 129 Missouri, 163, and cases cited; *Mugler* v. *Kansas,* 123 U. S. 623, 661; *Lawton* v. *Steele,* 152 U. S. 133; *Block* v. *Schwartz,* 76 Pac. Rep. (Utah) 22; *Street* v. *Varney Electric &c. Co.,* 160 Indiana, 338.

For examples of statutes held unconstitutional as interfering with the liberty of contract by imposing penalties for coöperation in matters of trade and contract, see *Niagara Fire Ins. Co.* v. *Cornell,* 110 Fed. Rep. 816; *Greenwich Dist. Co.* v. *Carroll,* 125 Fed. Rep, 121; *State* v. *Dalton,* 22 R. I. 77; *S. C.,* 46 Atl. Rep. 234; *State* v. *Dodge,* 56 Atl. Rep. 983.

The state law denies the equal protection of the laws. *Cote* v. *Murphy,* 159 Pa. St. 420; *Matthews* v. *Illinois,* 202 Illinois, 389; *Louisville* v. *Louisville &c.,* 14 L. R. A. 579, and note.

*Mr. S. S. Gregory,* with whom *Mr. Conrad H. Poppenhusen*

and *Mr. Joseph L. McNab* were on the brief, for plaintiff in error, in No. 5:

There was nothing illegal at common law in the arrangement made by plaintiff in error. 1 Chitty Cr. Law, 1138; *Quinn* v. *Leathem,* [1901] A. C. 495; *Jones* v. *Randall,* Lofft's Rep. 383; *Read* v. *Friendly Society &c.,* [1902] A. C. 593; *Scottish Cooperative &c.* v. *Glasgow Fleshers' &c. Assn.,* 35 Scottish Law Rep. 645; *Heywood* v. *Tillson,* 75 Maine, 225; *Macauley* v. *Tierney,* 19 R. I. 255; *Huttley* v. *Simmons,* 1 Q. B. 1898, 181; *Guethler* v. *Altman,* 26 Ind. App. 587; *Railroad Co.* v. *Schaffer,* 65 Ohio St. 414; *Buchanan* v. *Kerr,* 159 Pa. St. 433; *Commonwealth* v. *Hunt,* 4 Metcalf, 111; *Vegelahn* v. *Guntner,* 167 Massachusetts, 92, distinguished, and see dissenting opinion; *Plant* v. *Woods,* 176 Massachusetts, 492; *People* v. *Wilzig,* 4 N. Y. Co. Rep. 403; *Nat. Protective Assn.* v. *Cumming,* 170 N. Y. 315.

There is no common law offense of conspiracy against the United States, and by statute it is limited to certain indicated acts. *Pettibone* v. *United States,* 148 U. S. 197; *United States* v. *Britton,* 108 U. S. 109. See as to railroad strike cases, *Arthur* v. *Oakes,* 63 Fed. Rep. 310, 329.

The statute is an unwarranted interference with constitutional rights and cannot be justified as being within the police power. *State* v. *Goodwill,* 33 W. Va. 179; *Connolly* v. *Union Sewer Pipe Co.,* 184 U. S. 540; *Goodcharles* v. *Wigeman,* 113 Pa. St. 431; *Commonwealth* v. *Vrooman,* 164 Pa. St. 306; *Leep* v. *Railway Co.,* 58 Arkansas, 407; *Thomas* v. *City of Hot Springs,* 34 Arkansas, 553; *State* v. *Scougal,* 3 S. Dak. 55, and cases cited on p. 72; *Wallace* v. *Georgia &c. Ry. Co.,* 94 Georgia, 72; *In re Ah Jow,* 29 Fed. Rep. 181; *In re Grice,* 79 Fed. Rep. 627; *Braceville Coal Co.* v. *People,* 147 Illinois, 66; *Gillespie* v. *People,* 188 Illinois, 176; *Ritchie* v. *People,* 155 Illinois, 98; *Bailey* v. *People,* 190 Illinois, 28; *Harding* v. *Glucose Co.,* 182 Illinois, 551, 621; *Booth* v. *People,* 186 Illinois, 43; see also the anti-trust law cases decided by this court.

*Mr. James G. Flanders,* with whom *Mr. LaFayette M. Sturdevant,* Attorney General of the State of Wisconsin, was on the brief, for defendant in error in Nos. 3, 4. Submitted by *Mr. Sturdevant,* for defendant in error in No. 5:

As construed by the state court the statute is merely declaratory of the common law. Hawkins's Pleas of the Crown, ch. 27, § 2; *Rex* v. *Eccles,* 1 Leach, 274; Chitty Cr. Law, 1139; Archibold Criminal Practice and Pleading, 1829; *Queen* v. *Kendrick,* 5 Q. B. D. 49. Authorities in this country to the same effect might be multiplied indefinitely. For example, see *Crump* v. *Commonwealth,* 84 Virginia, 927; *State* v. *Stewart,* 59 Vermont, 273; *State* v. *Donnelson,* 32 N. J. L. 151, 156; *State* v. *Glidden,* 55 Connecticut, 46; *People* v. *Petheram,* 64 Michigan, 252; *State* v. *Burnham,* 15 N. H. 403; *Commonwealth* v. *Carlisle,* Brightly, 36; *State* v. *Buchanan,* 5 Harris & Johnson, 317; *Farmers' L. & T. Co.* v. *Nor. Pac. R. R. Co.,* 60 Fed. Rep. 803, 817; *Arthur* v. *Oakes,* 63 Fed. Rep. 310.

It was not necessary, even at common law, to make a combination formed for the purpose of injuring the business of another illegal that such purpose should be the sole or ultimate object of the combination. It was sufficient if there were a direct and immediate purpose to injure others, even though the ultimate object were to benefit the parties to the combination. *Doremus* v. *Henney,* 176 Illinois, 608; *Barr* v. *Trades Councils,* (N. J. Chan.) 30 Atl. Rep. 881; *Hilton* v. *Eckersley,* 6 El. & Bl. 47, 74; *Steamship Co.* v. *McKenna,* 30 Fed. Rep. 48; *Casey* v. *Typographical Union,* 45 Fed. Rep. 138; *Callan* v. *Wilson,* 127 U. S. 547; *Mogul S. S. Co.* v. *McGregor,* 23 Q. B. D. 598; A. C. 25; *Continental Ins. Co.* v. *Board of Underwriters,* 67 Fed. Rep. 319; *Temperton* v. *Russell,* 1 Q. B. D. 715; *Walker* v. *Cronin,* 107 Massachusetts, 555; *Graham* v. *St. Charles Str. Ry. Co.,* 27 R. L. A. 416; *Hopkins* v. *Oxley Stave Co.,* 83 Fed. Rep. 918; *Quinn* v. *Leathem,* L. R. App. Cas. (1901), 515, overruling *Allen* v. *Flood,* H. L. Appeal Cases (1898), 1.

Motive or intent with which an act is done is not an element

of the cause of action, is not generally applicable to civil actions of conspiracy, and is not applicable at all to conspiracy in its criminal aspects any more than to any other criminal offense. 6 Am. & Eng. Ency. of Law, 2d ed. 872; Bishop on Non-Contract Law, § 592; *Clifford* v. *Brandon,* 2 Campbell, 358; *Boutwell* v. *Marr,* 71 Vermont, 6.

Of the many cases that might be cited illustrative of the limitations upon the scope of the Federal Constitution to abridge the powers of the State to regulate its internal affairs affecting the peace, order and general welfare of the community, see *Allgeyer* v. *Louisiana,* 165 U. S. 589; *Munn* v. *Illinois,* 94 U. S. 113, 124; *Slaughter-House Cases,* 16 Wall. 62; *Barbier* v. *Conway,* 113 U. S. 31; *Soon Hing* v. *Crowley,* 113 U. S. 709. See also Wisconsin General Statutes, § 1747c, and for other statutes, see § 168, Penal Code, New York; *People* v. *Sheldon,* 139 N. Y. 251; *Matter of Davies,* 168 N. Y. 89, 101; Rev. Stat. Illinois, § 130; Burns's Statutes of Indiana, § 2302; Iowa General Statutes, § 5059; Minnesota Statutes of 1894, § 6423; New Hampshire Pub. Stat. of 1891, ch. 266, § 12; Rhode Island General Laws, 1896, ch. 279, § 45.

MR. JUSTICE HOLMES delivered the opinion of the court.

These are three writs of error to the Supreme Court of Wisconsin, brought to set aside convictions and sentences of the plaintiffs in error, the defendants below, upon informations filed by the District Attorney. 113 Wisconsin, 419. The ground of the writs is that the proceedings violated the rights of the plaintiffs in error under the Fourteenth Amendment of the Constitution of the United States. The informations were brought under the Wisconsin statutes of 1898, § 4466a, which impose imprisonment or fine on "any two or more persons who shall combine . . . for the purpose of wilfully or maliciously injuring another in his reputation, trade, business or profession by any means whatever," etc. The plaintiffs in error were severally charged with unlawfully combining to-

gether with the intent of willfully and maliciously injuring The Journal Company, a corporation, and certain persons named, stockholders and officers of the company, in their trade and business. It was alleged that the company was publisher of a newspaper in Milwaukee and had notified an increase of about twenty-five per cent in its charges for advertising, and that thereupon the plaintiffs in error, who were managers of other newspapers in the same place, in pursuance of their combination and with the intent of willfully, maliciously and unlawfully injuring The Journal Company and the others named, agreed as follows: If any person should agree to pay the increased rate to The Journal Company, then he should not be permitted to advertise in any of the other three newspapers except at a corresponding increase of rate; but if he should refuse to pay The Journal Company the increased rate, then he should be allowed to advertise in any of the other three papers at the rate previously charged. It was alleged that this conspiracy was carried out and that much damage to the business of The Journal Company ensued.

The defendant Hoyt demurred to this information, setting up the Fourteenth Amendment. Aikens and Huegin filed pleas which admitted the combination and intent of injuring The Journal Company and the resulting damage but alleged that the combination was entered into in trade competition and that the parties had the right to make it under the Fourteenth Amendment. The State demurred to the pleas. The demurrer of Hoyt was overruled; those of the State were sustained. The defendants were sentenced and the judgment of the trial court was affirmed by the Supreme Court of the State on the authority of an earlier decision between the same parties, reported in 110 Wisconsin, 189.

The statute, it will be observed, punishes combining for the purpose of willfully or maliciously injuring another in his business. If it should be construed literally, the word "willfully" would embrace all injuries intended to follow from the parties' acts, although they were intended only as the necessary means

to ulterior gain for the parties themselves. Taken in that way the word would hit making a new partnership, if it was intended thereby to hurt some one else's business by competition. We shall not consider whether that branch of the statute, so construed, could be sustained and express no opinion about it. The Supreme Court of Wisconsin has intimated that a narrower interpretation will be adopted, and in the present case we have to deal only with the other branch, depending on the word "maliciously," as we shall explain in a moment. The last quoted word we must take as intended to add something to the word "willfully," and we can do so only by taking it in its true sense. We interpret "maliciously injuring" to import doing a harm malevolently for the sake of the harm as an end in itself, and not merely as a means to some further end legitimately desired. Otherwise the phrase would be tautologous, since a willful injury is malicious in the sense familiar to declarations and indictments, where indeed the word means no more than foreseen, or even less than that. A death is caused of malice aforethought if, under the circumstances known to the actor, the probability of its ensuing from the act done is great and manifest according to common experience. *Commonwealth* v. *Pierce*, 138 Massachusetts, 165, 178; 1 East P. C. 262. See also *Mogul Steamship Co.* v. *McGregor*, 23 Q. B. D. 598, 613.

The informations alleged a combination for the purpose of willfully and maliciously injuring others, and therefore brought the case within the latter branch of the statute, if there are two and if "or" in the act is not taken to mean "and." It is true that the plan is set forth, and some argument was spent on whether that plan might or might not be an instrument of ultimate gain. But while that question may have been open when the state court was discussing the evidence warranting a commitment, in 110 Wisconsin, 189, none such is open here. The malevolent purpose is alleged, it is admitted by the demurrer, it is not sufficiently denied by the pleas, whatever we may conjecture would have been done if counsel had had this

decision before them. A purely malevolent act may be done even in trade competition.

We come then to the question whether there is any constitutional objection to so much of the act as applies to this case. It has been thought by other courts as well as the Supreme Court of Wisconsin that such a combination followed by damage would be actionable even at common law. It has been considered that, *prima facie*, the intentional infliction of temporal damage is a cause of action, which, as a matter of substantive law, whatever may be the form of pleading, requires a justification if the defendant is to escape. *Mogul Steamship Co.* v. *McGregor*, 23 Q. B. D. 598, 613; *S. C.*, [1892] A. C. 25. If this is the correct mode of approach it is obvious that justifications may vary in extent according to the principle of policy upon which they are founded, and that while some, for instance, at common law, those affecting the use of land, are absolute, *Bradford* v. *Pickens*, [1895] A. C. 587, others may depend upon the end for which the act is done. *Moran* v. *Dunphy*, 177 Massachusetts, 485, 487; *Plant* v. *Woods*, 176 Massachusetts, 492; *Squires* v. *Wason Manuf. Co.*, 182 Massachusetts, 137, 140, 141. See cases cited in 62 L. R. A. 673. It is no sufficient answer to this line of thought that motives are not actionable and that the standards of the law are external. That is true in determining what a man is bound to foresee, but not necessarily in determining the extent to which he can justify harm which he has foreseen. *Quinn* v. *Leathem*, [1901] A. C. 495, 524.

Whether, at common law, combinations would make conduct actionable which would be lawful in a single person it is unnecessary to consider. *Quinn* v. *Leathem*, [1901] A. C. 495. We are aware too that a prevailing opinion in England makes motives immaterial, although it is probable that in *Allen* v. *Flood*, [1898] A. C. 1, 94, the jury were instructed, as in *Temperton* v. *Russell*, [1893] 1 Q. B. 715, 719, in such a way that their finding of malice meant no more than that the defendant had acted with foresight of the harm which he would inflict,

as a means to an end. *Quinn* v. *Leathem,* [1901] A. C. 495, 514. However these things may be, we have said enough to show that there is no anomaly in a statute, at least, which punishes a combination such as is charged here. It has been held that even the free use of land by a single owner for purely malevolent purposes may be restricted constitutionally, although the only immediate injury is to a neighboring land owner. *Rideout* v. *Knox,* 148 Massachusetts, 368. Whether this decision was right or not, when it comes to the freedom of the individual, malicious mischief is a familiar and proper subject for legislative repression. *Commonwealth* v. *Walden,* 3 Cush. 558. Still more are combinations for the purpose of inflicting it. It would be impossible to hold that the liberty to combine to inflict such mischief, even upon such intangibles as business or reputation, was among the rights which the Fourteenth Amendment was intended to preserve. The statute was assumed to be constitutional in *Arthur* v. *Oakes,* 63 Fed. Rep. 310, 325, 326.

But if all these general considerations be admitted, it is urged nevertheless that the means intended to be used by this particular combination were simply the abstinence from making contracts, that a man's right so to abstain cannot be infringed on the ground of motives, and further, that it carries with it the right to communicate that intent to abstain to others and to abstain in common with them. It is said that if the statute extends to such a case it must be unconstitutional. The fallacy of this argument lies in the assumption that the statute stands no better than if directed against the pure nonfeasance of singly omitting to contract. The statute is directed against a series of acts, and acts of several, the acts of combining, with intent to do other acts. "The very plot is an act in itself." *Mulcahy* v. *The Queen,* L. R. 3 H. L. 306, 317. But an act, which in itself is merely a voluntary muscular contraction, derives all its character from the consequences which will follow it under the circumstances in which it was done. When the acts consist of making a combination calculated to cause temporal damage, the power to punish such

acts, when done maliciously, cannot be denied because they are to be followed and worked out by conduct which might have been lawful if not preceded by the acts. No conduct has such an absolute privilege as to justify all possible schemes of which it may be a part. The most innocent and constitutionally protected of acts or omissions may be made a step in a criminal plot, and if it is a step in a plot neither its innocence nor the Constitution is sufficient to prevent. the punishment of the plot by law.

It was urged farther that to make a right depend upon motives is to make it depend upon the whim of a jury and to deny the right. But it must be assumed that the constitutional tribunal does its duty and finds facts only because they are proved. The power of the legislature to make the fact of malice material we think sufficiently appears from what we already have said.

Finally it is argued that the Supreme Court of Wisconsin would hold that the statute extends to acts of which the motives were mixed and which were done partly from disinterested malevolence and partly from a hope of gain. If so, it is said, the statute would be open to all the objections at which we have hinted in dealing with the word "willfully." The Supreme Court did use some language which looked that way, but we consider it to have decided that the statute would be confined to combinations with intent to do wrongful harm. 110 Wisconsin, 193, 260. Thus limited, on whatever ground, the statute would punish only combinations of a kind for which no justification could be offered and those which were taken out of the justification by the motive with which they were made. We see no sufficient reason to believe that the court will go farther or construe the act in such a way as to raise questions which we need not go into here. Therefore it is unnecessary to consider whether, on a more literal construction, the portion dealing with malicious intent could be separated from that which deals with the purpose of merely willful injury, and saved, even if the latter were held to go too

far. Probably the two phrases will be read together and the statute made unquestionable as a whole.

*Judgment affirmed.*

Mr. Justice White dissenting.

Not being able to concur in the conclusion of the court that the opinion of the Supreme Court of Wisconsin has affixed to the statute of that State a much narrower meaning than the text of the statute imports, and thinking, on the contrary, that not only such text but the construction of the statute adopted by the Supreme Court of Wisconsin operates to deprive the citizen of a lawful right to contract protected by the Fourteenth Amendment, I dissent.