AMERICAN MERCURY, Inc., v. CHASE et al.

(District Court, D. Massachusetts. April 14, 1926.)

No. 2541.

Injunction ⬅55—Unofficial organization may be enjoined from interfering with distribution of publication deemed by it improper, by threats of prosecution (G. L. Mass. c. 265, § 25).

An unofficial organization, though actuated by sincere desire to benefit public and strengthen the administration of laws, cannot, after deciding that distribution of particular publication is improper, enforce its views by threatening distributors with prosecution, which reputable dealers cannot well disregard, and may be enjoined from so doing, though lack of commercial motive may protect it, under G. L. Mass. c. 265, § 25.

In Equity. Suit by the American Mercury, Inc., against J. Frank Chase and others. On plaintiff's motion for preliminary injunction, and on defendants' motion to dismiss. Motion to dismiss denied, and preliminary injunction allowed.

Herbert B. Ehrmann and Goulston & Storrs, all of Boston, Mass., and Arthur Garfield Hays, of New York City, for plaintiff.

Edmund A. Whitman, of Boston, Mass., for defendants Chase, Watch & Ward Society, and Hotel & Railroad News Co.

Wm. F. Garcelon, of Boston, Mass., for Armstrong Co.

Francis P. Garland, of Boston, Mass., for Union News Co.

MORTON, District Judge. The questions before me arise on the defendant's motion to dismiss the plaintiff's bill, and the plaintiff's motion for an injunction pendente lite. As the facts alleged in the bill are accepted by the motion to dismiss, and those shown by the evidence on the motion for injunction are substantially the same, both questions can conveniently be considered together. The material facts are not seriously in controversy.

The defendant Chase and the society of which he is secretary scrutinize publications of various kinds, including books and magazines. If they believe that a book or article violates the law, they inform the large distributors of their opinion, with the intimation, express or implied, that if the book or magazine be sold or distributed prosecution will follow. Where this warning is ignored, it is their custom to institute prosecutions. Such notice or warning is generally sent to one Tracy, who is connected with the New England Newspaper Publishing Company, a distributor of periodicals, with the understanding that he will pass it along to other persons in the distributing trade, who are thus apprised that the article (or book) is considered unlawful by said defendants, with the statement or implication that prosecution will follow if it is sold or circulated. That course was followed as to the April number of the American Mercury, and said defendants avow their intention to follow the same course as to future issues which seem to them

objectionable. The effect of such notice is to interfere very seriously with the sale of the book or magazine objected to.

The important question is whether this is a legal course of conduct. May an unofficial organization, actuated by a sincere desire to benefit the public and to strengthen the administration of the law, carry out its purpose by threatening with criminal prosecution those who deal in magazines which it regards as illegal; the effect being, as a practical matter, to exclude such magazines from sale through ordinary channels, and thereby to inflict loss upon their proprietors?

The injury to the persons affected does not flow from any judgment of a court or public body; it is caused by the defendants' notice, which rests on the defendants' judgment. The result on the other person is the same, whether that judgment be right or wrong; i. e., the sale of his magazine or book is seriously interfered with. Few dealers in any trade will buy goods after notice that they will be prosecuted if they resell them. Reputable dealers do not care to take such a risk, even when they believe that prosecution would prove unfounded. The defendants know this and trade upon it. They secure their influence, not by voluntary acquiescence in their opinions by the trade in question, but by the coercion and intimidation of that trade, through the fear of prosecution if the defendants' views are disregarded. See McMichael v. Atlanta Env. Co., 151 Ga. 776, 108 S. E. 226, 26 A. L. R. 149; Gompers v. Buck's Stove & Range Co., 221 U. S. 418, 31 S. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874.

In my judgment, this is clearly illegal. The defendants have the right of every citizen to come to the courts with complaints of crime; but they have no right to impose their opinions on the book and magazine trade by threats of prosecution if their views are not accepted. Pratt Food Co. v. Bird, 148 Mich. 631, 632, 634, 112 N. W. 701, 118 Am. St. Rep. 601; Beck v. Protective Union, 118 Mich. 497, 77 N. W. 13, 42 L. R. A. 407, 74 Am. St. Rep. 421; Wilson v. Hey, 232 Ill. 389, 83 N. E. 928, 122 Am. St. Rep. 119, 13 Ann. Cas. 82, 16 L. R. A. (N. S.) 85. The facts that the defendants are actuated by no commercial motive and by no desire to injure the plaintiff do not enlarge their rights in this respect, though it may protect them under Gen. Laws Mass. c. 265, § 25.

Of course, the distributors have the right to take advice as to whether publications which they sell violate the law, and to act on

13 F.(2d)—15

such advice if they believe it to be sound. The defendants have the right to express their views as to the propriety or legality of a publication. But the defendants have not the right to enforce their views by organized threats, either open or covert, to the distributing trade to prosecute persons who disagree with them. The principles of law involved, which are interesting and might be much elaborated, are analogous to those under which secondary boycotts are illegal (see cases, supra; also Burnham v. Dowd, 217 Mass. 351, 104 N. E. 841, 51 L. R. A. [N. S.] 778; Hotel & Railroad News Co. v. Clark, 243 Mass. 317, 137 N. E. 534), and perhaps rest ultimately on the reasons mentioned by Mr. Justice Holmes in Aikens v. Wisconsin, 195 U. S. 194, at page 204, 25 S. Ct. 3, 49 L. Ed. 154, and the decisions there referred to.

As to the April number of the American Mercury, the injury, if any, to the plaintiff by the acts of the defendants Chase and the New England Watch & Ward Society had been completed before the present bill was filed. There is no threat by any of the defendants of further illegal acts as to that issue. This being so, no case for equitable relief as to it is shown, and it is unnecessary at present to decide the question whether anything in it contravened Gen. Laws Mass. c. 272, § 28.

It follows that the motion to dismiss should be denied, and that a temporary injunction should issue, in accordance with the second and third prayers of the bill.