## STATE CINEMA OF PITTSFIELD, INC.

### v.

### Matthew J. RYAN, Jr., Esq., William J. Flynn, Esq., and Milo Brown.

### Civ. A. No. 69–931.

United States District Court
D. Massachusetts.

Sept. 12, 1969.

William P. Homans, Jr., Boston, Mass., for plaintiff.

14. *Cf.* Smoley v. New Jersey Zinc Co., 24 F.Supp. 294 (D.N.J.1938), aff'd, 106 F.2d 314 (3d Cir. 1939).

15. 154 F.2d 464 (2d Cir. 1946).

16. 156 F.2d 787 (2d Cir. 1946).

David H. Tamson, Boston, Mass., for plaintiff.

Matthew J. Ryan, Jr., Dist. Atty., Pittsfield, Mass., for defendants.

## OPINION

WYZANSKI, Chief Judge.

Plaintiff, a motion picture exhibitor, relying on the First and Fourteenth Amendments to the United States Constitution and 28 U.S.C. Sections 1331 and 1443 and 42 U.S.C. Section 1983, filed a complaint seeking to enjoin a Massachusetts state district attorney, his assistant, and an officer of the Massachusetts state police, from making threats to arrest (Sic!) and prosecute plaintiff if it continued to exhibit a motion picture, "Vixen."

By agreement of counsel, this case was heard as though it were an application for a permanent injunction and as though defendants had filed a motion to dismiss.

By agreement of counsel, the picture itself was introduced as an exhibit and was witnessed by the Court. It has a skimpy plot about the amorous adventures of an adulterous wife of an airplane pilot. Scenes prominently feature facial expressions and movements of female torsos during heterosexual intercourse and during lesbian contacts. Genitalia are never displayed either in repose or in action.

Plaintiff conceded that the only statements or threats made by defendants were directed exclusively to the general manager of plaintiff corporation. Plaintiff had no evidence that defendants or any of them had made with respect to the motion picture Vixen, (or apparently other pictures which plaintiff had considered exhibiting) any public statements orally, in writing, in print, or otherwise, or any private statements to third persons not employed by plaintiff.

■ Under these circumstances plaintiff does not have a cause of action in this Court.

If plaintiff wishes to exhibit Vixen defendants have not as yet legally interfered with the exhibition. Plaintiff has a completely unfettered legal right to proceed subject to whatever are the consequences. Its liberty, like that of most persons, depends in large part upon what Royer Collard called "the courage to resist" or Von Ihring denominated "the struggle for law."

On occasion, equity has restrained public officials from making *public* threats of prosecution of persons who offered allegedly obscene materials when those threats were not accompanied by, or immediately followed by, actual steps to commence or effectuate prosecution. Cf. Bantam Books, Inc. v. Sullivan, 372 U.S. 58, 83 S.Ct. 631, 9 L.Ed.2d 584 (1959); HMH Publishing Co. v. Garrett, 151 F.Supp. 903 (N.D.Ind.1957); New American Library of World Literature v. Allen, 114 F.Supp. 823 (N.D.Ohio, 1953); American Mercury, Inc. v. Chase, 13 F.2d 224 (D.Mass.1926).

■ Basic to those cases was the attempt of the public officials to exercise the equivalent of a *public* ban or censorship without legal authority so to do. A private warning, no matter how minatory, is quite another story. Public officials have a right, some might say even an obligation of courtesy or decency, to warn one who proposes to exhibit, sell, display, or put into circulation material which the officials regard as obscene and in that sense unlawful. The warning may recite the explicit consequences foreseen.

The person warned requires no more than a firm determination on his own part to make the warning non-coercive. He may stand on his rights and bow to no man. Third persons, since they know nothing of the threat, cannot be deterred from giving him their custom. No inevitable adverse economic effect can be felt by the person threatened before he is prosecuted.

The chancellor ought not to use the powers of an equity court merely to stiffen a plaintiff's own spine. The difficulty here is with the plaintiff's constitution. No other constitutional issue is presented.

Complaint dismissed.