GUIDE ESCORT SERVICE, INC., a Domestic Corporation, Plaintiff, *v.* PAUL MOSS, License Commissioner of City of New York, Defendant.*

Supreme Court, Special Term, New York County, June 12, 1940.

*Harry Weinberger* [*Chester A. Pearlman* and *Harold M. Weinberger* of counsel], for the plaintiff.

*William C. Chanler, Corporation Counsel* [*Charles C. Weinstein* and *Bernard Friedlander* of counsel], for the defendant.

SHIENTAG, J. The plaintiff brings this action against the commissioner of licenses of the city of New York and seeks a declaratory judgment that its proposed method of doing business as alleged in detail in the complaint and in the bill of particulars does not require a license as an employment agency.

The defendant moves to dismiss the complaint and for judgment on the pleadings on the ground that the remedy of declaratory judgment should in the proper exercise of the court's discretion not be permitted to be invoked in this action.

One Peckham, the president of the plaintiff corporation, was convicted by the Court of Special Sessions of the City of New York of the crime of conducting an employment agency without a license, in violation of section 172 of the General Business Law. The judgment of conviction was affirmed in the Appellate Division by a divided court of three to two (258 App. Div. 788) and unanimously affirmed by the Court of Appeals (282 N. Y. 602).

* Affd., 260 App. Div. 920.

The plaintiff in its complaint alleges that it has changed and that in the future it proposes to change its method of doing business, and goes into a considerable amount of detail setting forth how it intends to operate and what its practice will be. In effect, the plaintiff seeks an adjudication as to the legal effect of contracts, some of which have never been executed, and as to the legality of a plan, some portions of which, at any rate, have had no actual existence. The plaintiff seeks a judicial determination as to whether a proposed system of acts and operations would, if employed in the future, constitute a violation of a penal statute. Assuming that changes in the practice and procedure of the corporation have been in actual operation for a limited period, I am, nevertheless, of the opinion that the remedy of declaratory judgment was never intended to apply to a situation such as is here presented. Instead of promoting the efficient administration of justice, to apply the remedy of a declaratory judgment here would only tend to obstruct and to embarrass it. This is not like the situation presented in *Dun & Bradstreet, Inc.*, v. *City of New York* (276 N. Y. 198), where it was held that a declaratory judgment should properly have been granted where the meaning of a statute was in question and the facts were not in dispute. In that case it was held that the plaintiff, who desired to obtain an interpretation of a local tax law adjudicating the plaintiff to be non-taxable thereunder, should not be compelled to resort to its remedy at law by way of certiorari. The Court of Appeals held that the remedy of a declaratory judgment " is applicable in cases where a constitutional question is involved or the legality or meaning of a statute is in question and no question of fact is involved. In such cases, pure questions of law are presented " (p. 206).

In *Reed* v. *Littleton* (275 N. Y. 150) the parties stipulated that the evidence in an action for a declaratory judgment should consist of the record of a criminal prosecution brought against the plaintiff and a transcript of a hearing held before the Governor with reference to a bill legalizing dog racing. There was no substantial dispute as to the acts performed in the operation of the plaintiff's business. Nevertheless, the Court of Appeals, specifically pointing out the danger and inadequacy of declaratory judgment as a means of determining whether given acts constitute a crime, refused to make an adjudication as to the legality of the plaintiff's business. The court there pointed out " the futility of resorting to equity to determine whether certain or uncertain facts constitute crime." It was held that the declaratory judgment, if rendered, would not be *res judicata* or even *stare decisis* in a subsequent prosecution. In that case the district attorney was made a party; he is not a party to this action.

It is true that in *Reed* v. *Littleton* (*supra*) the Court of Appeals stated that a declaratory judgment might properly be rendered where there was a question whether a plaintiff was required to obtain a license before engaging in his business.  But in view of the express recognition in its opinion of the inconclusive and fruitless nature of a declaration by a civil court as to whether certain acts constitute a crime, even when the district attorney is made a party to the action, it is clear that the Court of Appeals did not intend its holding to apply to a situation such as is here presented.

Enough has been said to demonstrate the lack of wisdom and the futility of a declaratory judgment in this action.  Here, as in the case of *Reed* v. *Littleton* (*supra*), it may well be observed that, notwithstanding any civil adjudication based upon a certain specific state of facts, " at a later date the District Attorney may find further facts which in his opinion give a different color to the whole transaction.  Additional evidence may be procured by the prosecuting authorities which sheds a new light upon the transactions carried on by the appellant.  Will the civil courts impede the administration of justice by placing a restraint upon the administrative officials who threaten to act under a statute concededly valid? "

There is no doubt that the remedy of declaratory judgment has proved to be a useful procedure and that as time goes on, its scope will be extended, but " its usefulness will soon end when its advocates seek to make it a panacea for all ills, real or imaginary." (*Reed* v. *Littleton, supra,* 157.)

Motion to dismiss the complaint is granted.  Settle judgment.