WALTER H. FRAMER et al., Plaintiffs, *v.* HENRY L. McCARTHY, Individually and as Commissioner of the Department of Welfare of the City of New York, Defendant.

Supreme Court, Special Term, New York County, April 30, 1954.

*Adrian P. Burke, Corporation Counsel* (*Philip Sokol* and *Max H. Finkelberg* of counsel), for defendant.

*Benjamin C. Milner, Lester E. Denonn* and *Charles Rembar* for plaintiffs.

SCHREIBER, J. This is a motion *before answer* to dismiss the complaint for failure to state a good cause of action or on the ground that the court, in the exercise of its discretion, should refuse to entertain this action. The only question presented on such a motion is whether the case is a proper one for declaratory judgment. (*Rockland Light & Power Co.* v. *City of New York,* 289 N. Y. 45, 51.)

In the first cause of action, it is alleged that in the radio and television program, known as " Strike It Rich ", owned and produced by plaintiffs, " no requests for money or donations of money or property or financial assistance are made " although " offers of money or property are from time to time received from persons listening to or who have listened to such program by radio, or watching or who have watched the same by means of television, and a report of the offers so made is given   *   *   * during the course of the broadcasts of such program." It is further alleged that defendant, commissioner of the department of welfare of the City of New York, has announced his intention of prosecuting plaintiffs for violation of section 603–11.0 of chapter 24 of the Administrative Code of the City of New York unless they obtain the license which that section requires before anyone may " solicit money, donations of money or property, or financial assistance of any kind " in the city of New York. Plaintiffs seek a declaratory judgment to the effect that their program does not constitute a solicitation of " money, donations of money or property " within the meaning of the statute above referred to.

Although a proper case for invoking the court's power to grant a declaratory judgment may at times be presented where a person wishes to know whether or not his future activities require a license (*McBride's Theatre Ticket Office* v. *Moss,* 183 Misc. 14), that is not so if " the declaratory judgment will not settle all the issues or finally dispose of the controversies and may only result in beclouding them " (*Travelers Ind. Co.* v. *Burg,* 253 App. Div. 43, 47). A trial of this action can, at most, lead to a determination that the programs *hitherto broadcast* by plaintiffs did not involve a solicitation of money, donations, etc., within the meaning of the licensing statute. Obviously the trial court could not determine whether or not *future broadcasts* would or would not involve a solicitation within the meaning of the statute, for there is no way of knowing in advance the exact contents of each future broadcast. The difficulties of making an

advance decision as to the necessity of a license for plaintiffs' future broadcasts is accentuated by the fact that the absence of express solicitations would not necessarily, in itself, make the licensing statute inapplicable. The demeanor, gestures and remarks of one or more of the participants, in conjunction with the atmosphere created by the tears and dejection and impoverished appearance of persons appearing on the programs, may well result in a holding that there is a solicitation of money and donations within the meaning of the statute, although there may be no express request for funds or donations. Since each future program will, necessarily, be different in innumerable respects from every other future broadcast as well as from all those programs which have been broadcast in the past, a declaratory judgment as to the first cause of action could not settle the issues and finally dispose of the controversy. A slight variation in a future broadcast from those in the past, perhaps only in the demeanor or gestures or remarks of a single participant, may change what theretofore required no license to a solicitation which does require a license. In such circumstances a declaratory judgment can serve no useful purpose and cannot stabilize the future relations of the parties. In *McBride's Theatre Ticket Office* v. *Moss* (*supra*), relied upon by plaintiffs, the question was whether plaintiff's practice of making separate charges for delivery of tickets violated certain statutes and could lead to the revocation of its license. Obviously, a judicial declaration that a continuation of the separate charges would not violate the statutes in question, would finally settle the controversy between the parties. The difficulty, present in the instant case, of determining what the plaintiffs' future conduct will be, did not exist in the case above cited.

The first cause of action is accordingly dismissed.

The second cause of action seeks a declaratory judgment, to the effect that plaintiffs' broadcasts do not violate sections 149 and 382 of the Social Welfare Law which make it a penal offense to bring needy persons into the State, or to cause them to be brought into the State, and which make those bringing nonresident children into the State, or causing them to be brought here, responsible for their care and maintenance. No question of a need for a license is involved in the second cause of action. What plaintiffs seek is a declaration that their acts do not violate penal statutes. The remedy of an action for a declaratory judgment is not proper for that purpose (*Reed* v. *Littleton*, 275

N. Y. 150, 157; *Guide Escort Service* v. *Moss*, 176 Misc. 66, 67, 68; *International Mutoscope Reel Co.* v. *Valentine*, 271 N. Y. 622).

The motion to dismiss the second cause of action is granted. Motion granted in all respects and complaint dismissed.