TRIANGLE MINT CORPORATION, Appellant, *v.* EDWARD
P. MULROONEY, as Commissioner of Police of the City
of New York, et al., Respondents.

(Argued June 15, 1931; decided July 15, 1931.)

*Andrew F. Van Thun, Jr.,* and *Abraham R. Kartzman*
for appellant. The reversal by the Appellate Division
of certain of the findings of fact and the granting of final
judgment dismissing the complaint on the merits upon
a new and additional finding of fact are not in accordance
with the weight of the evidence. (*York Mortgage Corp.*
v. *Clotar Const. Corp.*, 254 N. Y. 128.) Plaintiff seeks
to enjoin the defendants from threatened unlawful inter-
ference with its property, business and rights, to its injury
and damage, under the guise or pretense of enforcing the

criminal law. Under such circumstances a court of equity assumes jurisdiction to grant injunctive relief. (*Biddles, Inc.,* v. *Enright,* 239 N. Y. 354; *People* v. *Canal Board,* 55 N. Y. 390; *Star Co.* v. *Brush,* 185 App. Div. 261; *McGorie* v. *McAdoo,* 113 App. Div. 271.) The vending machine in question is not what is commonly known and defined by the Penal Law as a slot machine. (*Byk* v. *Enright,* 209 App. Div. 823; 240 N. Y. 699; *People* v. *Kopper,* 253 N. Y. 83.)

Arthur J. W. Hilly, Corporation Counsel (*Joseph P. Reilly* of counsel), for respondents. The findings of fact and conclusions of law allowed and made by the Appellate Division are sustained by the proof. (*Byk* v. *Enright,* 240 N. Y. 699; *Carl Co.* v. *Lennon,* 86 Misc. Rep. 255.) The plaintiff is not entitled to an injunction against the defendant. (*Delaney* v. *Flood,* 183 N. Y. 323.)

*Per Curiam.* An equity court should exercise its jurisdiction to restrain the police from enforcing a criminal statute, the enforcement of which threatens property damage, only in cases where a clear legal right to that relief is established. The record in this case does not establish such a clear legal right. For that reason the judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.