MILLS NOVELTY COMPANY, Respondent, *v.* THEODORE A. SUNDERMAN, Individually, and as Acting Property Clerk of the Police Department of the City of New York, et al., Appellants.

(Argued November 19, 1934; decided December 4, 1934.)

34

*Paul Windels, Corporation Counsel (Alvin McKinley Sylvester* and *Paxton Blair* of counsel), for appellants. The power of a court of equity to issue an interlocutory injunction is purely statutory. The complaint in the instant case clearly did not state a cause of action entitling the plaintiff to the injunction *pendente lite* granted by the court at Special Term, and the record will be searched in vain for any extrinsic facts entitling the plaintiff to such relief. (*Jackson* v. *Bunnell*, 113 N. Y. 216; *Bachman* v. *Harrington*, 184 N. Y. 458; *Hunt* v. *Stirone*, 232 App. Div. 262; *Matter of Dietz*, 138 App. Div. 283; *Matter of Greene*, 153 App. Div. 8; *McHenry* v. *Jewett*, 90 N. Y. 58; *Brass* v. *Rathbone*, 153 N. Y. 435; *Koenig* v. *Eagle Waist Co.*, 176 App. Div. 726; *Glascoe* v. *Willard*, 44 Misc. Rep. 166; *Kienle* v. *Gretsch Realty Co.*, 133 App. Div. 391; *Wick* v. *Crane Co.*, 141 Misc. Rep. 31.) An injunction *pendente lite* ought not to have been granted since the right thereto was doubtful; the relief granted was not required to preserve the *status quo* or to prevent irreparable injury pending trial; the plaintiff had an adequate remedy at law, and the issuance of the injunction was the equivalent of the granting of final relief. (*Bruce* v. *President, etc., of D. & H. Canal Co.*, 19 Barb. 371; *Van Veghten* v. *Howland*, 12 Abb. Pr. [N. S.] 461; *Ufa Films, Inc.*, v. *Ufa Eastern Division Distribution, Inc.*, 134 Misc. Rep. 129; 226 App. Div. 869; *Bachman* v. *Harrington*, 184 N. Y. 458; *Stampp* v. *Board of Supervisors*, 141 Misc. Rep. 487; *Bestfoods, Inc.*, v. *Hemphill Packing Co.*, 295 Fed. Rep. 425; *Yome* v. *Gorman*, 242 N. Y. 395; *Maxwell Co.* v. *Cusack Co.*, 200 App. Div. 610; *Moller* v. *Lincoln Safe Deposit Co.*, 174 App. Div. 458; *Maloney* v. *Katzenstein*, 135 App. Div. 224; *Weiss* v. *Herlihy*, 23 App. Div. 608; *Schulman Goldberg Theatrical Corp.* v. *Katz*, 126 Misc. Rep. 777.)

*Stuart N. Updike* for respondent. A cause of action in equity has been stated. (*Levy* v. *Brigham*, 113 App. Div. 424; *Hagan* v. *McAdoo*, 113 App. Div. 506; *Phelps*

v. *McAdoo*, 47 Misc. Rep. 524; *Constantine* v. *Enright*, 116 Misc. Rep. 349; *Hale* v. *Burns*, 101 App. Div. 101.) The decision of the Special Term was correct and the exercise of the discretion of that court should not be disturbed. (*Castle* v. *Noyes*, 14 N. Y. 329; *Fish* v. *Vanderlip*, 218 N. Y. 29; *Hart Steel Co.* v. *Railroad Supply Co.*, 244 U. S. 294; *Lillibridge, Inc.*, v. *Johnson Bronze Co.*, 220 App. Div. 573; 247 N. Y. 548; *Herschcowitz* v. *Kleinman*, 227 App. Div. 62; *Bussing* v. *Lowell Film Productions, Inc.*, 233 App. Div. 493; 259 N. Y. 593; *Keystone Driller Co.* v. *General Excavating Co.*, 290 U. S. 240; *Swartzlander* v. *Swartzlander*, 219 App. Div. 682; *Wood* v. *Hill*, 214 App. Div. 417; *Castoriano* v. *Dupe*, 145 N. Y. 250; *Smith & Sons Carpet Co.* v. *Ball*, 137 App. Div. 100; *Mamaroneck* v. *N. Y. Water Co.*, 209 App. Div. 897; *Ginsburg* v. *Woolworth Co.*, 176 App. Div. 882.)

CROUCH, J. The action was brought to enjoin the defendants " from in any wise preventing or interfering with the removal, shipping or transporting from this state by plaintiff " of certain property described in the complaint as " coin-operated automatic merchandise vending machines." The essential allegations of the complaint are that plaintiff on and prior to May 3, 1934, was and now is the owner, lawfully entitled to the possession of the machines; that they were stored in a warehouse in New York city; that by various acts, the police between May 3 and May 9, 1934, prevented delivery thereof to plaintiff; that on May 9 and May 10, 1934, the machines, valued in excess of $19,000, were seized by the police; that the defendants have refused and continue to refuse to deliver them to plaintiff; that the seizure was legally unwarranted, and that plaintiff has no adequate remedy at law.

An injunction *pendente lite* was granted at Special Term and sustained by the Appellate Division, restraining the defendants as prayed for in the complaint. The case is here upon certified questions.

We think the complaint is insufficient to state a cause of action for an injunction. No facts are pleaded tending to show an irreparable injury, actual or threatened; or that plaintiff is without an adequate remedy at law. On the contrary, the allegations disclose merely a dispute about a possessory right in specific chattels, which could be readily and adequately settled by an action in replevin or for a conversion. (Cf. *Young* v. *Sunderman,* 263 N. Y. 623.)˙

A court of equity, even where property interests are incidentally affected, will not ordinarily interfere with criminal processes, unless there would be irreparable injury and the sole question involved is one of law. (*Delaney* v. *Flood,* 183 N. Y. 323.) Neither condition is present here. If the order appealed from were to stand, there would be nothing left to try. (*Yome* v. *Gorman,* 242 N. Y. 395, 401.) Instead of preserving the *status quo,* the order definitively destroys it.

The order appealed from should be reversed, with costs, and the motion should be denied, with ten dollars costs of motion. Question No. 1 should be answered in the negative; question No. 2 in the affirmative; other questions unanswered as unnecessary to a decision.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN, HUBBS and LOUGHRAN, JJ., concur.

Ordered accordingly.