PERCY CAMPBELL REED, Respondent, *v.* MARTIN W. LITTLETON, as District Attorney of Nassau County, and Others, Appellants.*

Second Department, December 28, 1936.

---

Philip Huntington [*Martin W. Littleton* with him on the brief], for the appellants.

*George Morton Levy* [*Saul Rogers* and *Alvin L. Weil* with him on the brief], for the respondent.

PER CURIAM. The plaintiff has obtained a declaratory judgment to the effect that he is conducting a business not violative of the Penal Law.

The fundamental facts are that the plaintiff was engaged in racing dogs on the Mineola Fair Grounds at Garden City in Nassau county. The district attorney and other public officials charged with the enforcement of the law had prosecuted plaintiff in Police Court for violation of section 986 of the Penal Law for gambling, poolselling, bookmaking, recording and registering bets or wagers in relation to this dog racing. Apparently the only serious prosecution was unsuccessful, for the acting police justice found that the evidence was insufficient to establish the commission of the crime charged. He wrote a long opinion in that case in an attempt to justify the claim of the then defendant that he was engaged in a legitimate business. Whatever was said therein, if it had any merit, was pure *dictum*, for the decision, whether right or wrong, was on the facts.

The district attorney threatened further prosecution. Then this action for a declaratory judgment was commenced. No doubt it has served at least one principal purpose, for the plaintiff has been left free during the past season to conduct his dog racing without interference while the action was pending.

The plaintiff had devised a scheme whereby it is made to appear that these contests are not the racing of dogs, and the people who attend at a fee of twenty-five cents each are not betting on results,

though odds are posted and payments made on the winners. These races are said to be only tests of the speed and quality of dogs to enable the plaintiff to determine whether he will purchase or retain certain dogs for the purpose of racing elsewhere where betting is permitted. The sums of money offered by those in attendance and received by him or his agents during these contests of speed are merely options to purchase particular dogs which happen to come in first or in some specified order. Of course, these options are sold to a great number of people who have no wish or purpose to purchase a dog, but are hopeful that the dog on which they obtained an option will win. Numerous options are sold on one particular dog. When the race is finished there is a pay-off. How the plaintiff would fulfill his contract if these several persons were determined to exercise their options to purchase the same dog is not explained. Of course, it rarely if ever occurs that any purchase of dogs is made on these options (at least in good faith), for payment in cash is made on the redemption of the so-called options on certain winning dogs or others in specified positions. There is no material difference in result between this procedure and that where bets are frankly and openly made and paid.

It was said in the opinion of the court below: " The plaintiff operates under an ingeniously devised scheme, deliberately contrived to avoid the pitfalls of the Penal Law." The whole plan is a subterfuge, based on insincerity and sophistry. This court is asked to affirm or reverse a declaratory judgment in a civil action, advising the parties whether or not this scheme and business is violative of the Penal Law; or, in other words, whether the plaintiff has been successful in this deliberately devised scheme " to avoid the pitfalls of the Penal Law." This responsibility the court declines to accept.

The courts of this State and those in other jurisdictions do not render advisory opinions where there is no justiciable issue presented. (*Matter of State Industrial Comm.*, 224 N. Y. 13; *New Jersey* v. *Sargent*, 269 U. S. 328.) A civil action may not be the means of shifting the burden of duty and responsibility of prosecuting offenders charged with crime, where there is no real dispute between parties as to their legal or equitable rights but the question relates solely to the facts and the legal conclusion as to whether or not a 'crime has been committed.

Section 473 of the Civil Practice Act, which provides for a declaratory judgment, and rules 210–214 of the Rules of Civil Practice, governing the practice, deal with the jural relations of persons in respect to present or prospective obligations on contracts, or to

rights in property; and then jurisdiction is discretionary. (Rules Civ. Prac. rule 212; *James* v. *Alderton Dock Yards*, 256 N. Y. 298, 305.) The district attorney and the other defendants are claiming no right of property in the plaintiff's dogs, nor do they challenge his right to use any of his property for any legitimate purpose. They are acting only as public officers in determining whether the plaintiff and others should be prosecuted for a violation of the law.

These provisions of statute and rules do not contemplate that the courts shall determine the precise rights existing between public officers and violators of the law, and determine in advance whether certain acts do or do not constitute a crime, and as to whether a cunningly devised scheme to evade the law is a sufficient defense to a charge of gambling or bookmaking. Such questions as to guilt or innocence are to be determined in the established courts of criminal jurisdiction.

Counsel have not been able to cite any authority to the effect that such an action may be maintained in courts of civil jurisdiction; and we hold that there is no such jurisdiction. Any decision which we might make in respect to the question would settle no rights and would be binding on no one. It would preclude neither further prosecution nor a defense. Courts will not be placed in such an equivocal position. The parties must seek some other tribunal.

The judgment should be reversed on the law, with costs, and the complaint dismissed, with costs.

LAZANSKY, P. J., HAGARTY, CARSWELL and TAYLOR, JJ., concur; DAVIS, J., not voting.

Judgment in action for declaratory judgment reversed on the law, with costs, and complaint dismissed, with costs.