PERCY C. REED, Appellant, *v.* MARTIN W. LITTLETON, as District Attorney of Nassau County, et al., Respondents.

Argued June 10, 1937; decided July 13, 1937.

*Edwin M. Borchard* for appellant. The case presents a justiciable issue. (*Ætna Life Ins. Co.* v. *Haworth,* 57 Sup. Ct. Rep. 461.) This proceeding is the appropriate way to try the issue of the legality of the plaintiff's business. (*Multnomah County Fair Assn.* v. *Langley,*

140 Ore. 172; *Lagoon Jockey Club* v. *Davis County*, 72 Utah, 405; *Utah State Fair Assn.* v. *Green*, 68 Utah, 251; *Little* v. *Smith*, 124 Kan. 237; *Chung Mee Restaurant Co.* v. *Healy*, 86 N. H. 483; *Sage-Allen Co.* v. *Wheeler*, 119 Conn. 667; *Tirrell* v. *Johnson*, 86 N. H. 530; *Erwin Billiard Parlor* v. *Buckner*, 156 Tenn. 278; *Pathe Exchange, Inc.*, v. *Cobb*, 202 App. Div. 450; 236 N. Y. 539; *Socony-Vacuum Oil Co.* v. *City of New York*, 247 App. Div. 163; 272 N. Y.¹ 262; *James* v. *Alderton Dock Yards*, 256 N. Y. 298; *Dyson* v. *Attorney-General*, [1911] 1 K. B. 410; *Burghes* v. *Attorney-General*, 2 Ch. 139; *Talbott* v. *Park*, 256 Ky. 534; *Faulkner* v. *City of Keene*, 85 N. H. 147; *Bemis Bros. Bag Co.* v. *Wallace*, 266 N. W. Rep. 690; *Milwaukee Electric Ry. & L. Co.* v. *City of Milwaukee*, 218 Wis. 24; *State ex rel. Hopkins* v. *Grove*, 109 Kan. 619.)

*Philip Huntington* and *Martin W. Littleton* for respondents. The facts and circumstances in this case fully justify the granting of a declaratory judgment; and the granting of such declaratory judgment would serve a useful and important purpose both public and private. (*People* v. *Monahan*, 257 N. Y. 388; *People ex rel. Seaman* v. *Hendrickson*, 245 App. Div. 838; *People ex rel. Kohut* v. *Hendrickson*, 249 App. Div. 528; *Kalman* v. *Shubert*, 270 N. Y. 375; *Westchester Mortgage Co.* v. *Grand Rapids & Ionia R. R. Co.*, 246, N. Y. 194; *Craig* v. *Commissioners of Sinking Fund*, 208 App. Div. 412; *Dowsey* v. *Village of Kensington*, 257 N. Y. 221; *Gwynne* v. *Board of Education*, 259 N. Y. 191; *Kress* v. *Village of Watkins Glen*, 242 App. Div. 856; *James* v. *Alderton Dock Yards*, 256 N. Y. 298.)

CRANE, Ch. J. For several years plaintiff has been the proprietor and operator of a greyhound racing track at the Mineola Fair Grounds located in the village of Garden City. In connection therewith he operates a complicated system of selling and re-purchasing so-called

" options " for the purchase of dogs participating in the races. The defendants contend that the sole purpose and intent of plaintiff in operating this system is to enable the general public attending the race meetings to gamble on the result of the races, in violation of section 986 of the Penal Law. Plaintiff maintains that his operations are carried on in good faith for the purpose of acquiring for himself a large stable of racing greyhounds, and that it does not constitute gambling in violation of the statute. The district attorney commenced criminal proceedings against him in the police court, and this plaintiff was acquitted of the charge. The district attorney has served notice of his intention to institute further prosecutions, and plaintiff seeks from the court a declaratory judgment that the court determine that the method of purchase and sale of racing greyhounds and the sale of options thereon is not in violation of any of the sections of article 88 of the Penal Law. The Appellate Division has held that an action for a declaratory judgment was not available to plaintiff under the facts here disclosed. From that determination plaintiff appeals.

Section 473 of the Civil Practice Act provides: " The supreme court shall have power in any action or proceeding to declare rights and other legal relations on request for such declaration whether or not further relief is or could be claimed, and such declaration shall have the force of a final judgment. Such provisions shall be made by rules as may be necessary and proper to carry into effect the provisions of this section."

In *International Mutoscope Reel Co.* v. *Valentine* (271 N. Y. 622) the owners of machines known as " crane," " claw " and " digger " type brought action against the police commissioner to have it determined that such machines were not violative of sections 977, 982 and 1376 of the Penal Law, and were not susceptible of being used for gambling, lottery, or any purpose in violation of the Penal Law. This court hel that " the case is not one for

a declaratory judgment." (See, also, *Buffalo Gravel Corp.* v. *Moore,* 201 App. Div. 242; affd., 234 N. Y. 542.)

The court of equity has at times been called upon to enjoin the enforcement of a criminal prosecution. The rule has been firmly established that it will *not* ordinarily intervene to enjoin the enforcement of the law by the prosecuting officials (*Davis* v. *American Society,* 75 N. Y. 362; *Delaney* v. *Flood,* 183 N. Y. 323) unless under proper circumstances there would be irreparable injury, and the sole question involved. is one of law (*Mills Novelty Co.* v. *Sunderman,* 266 N. Y. 32) where a clear legal right to the relief is established (*Triangle Mint Corp.* v. *Mulrooney,* 257 N. Y. 200). One reason for such a rule is the desire to preserve the separation of governmental powers. (Cf. *Truax* v. *Corrigan,* 257 U. S. 312, dis. op., BRANDEIS, J., p. 374.)

Where administrative officials act under a statute which infringes the Constitution, or under rules or regulations that are invalid, a person may have the right to petition the court to determine the jural relations, and to have the invalidity of the statute, rule or regulation declared. Here there is no question of invalidity of the statute. The findings of the trial court set forth the acts and operations of plaintiff as shown by the evidence in this proceeding. The court has adjudged that " the business conducted by him at the Mineola Fair Grounds * * * and in selling and re-purchasing options on dogs is a legal and valid business and is not in violation of the gambling laws of the State of New York, nor in violation of section 986 of the Penal Laws of the State of New York." Plaintiff, in an effort to show the necessity for such a judgment, states in his brief that such a judgment is binding upon the District Attorney; " it is not conceivable that he would undertake to disregard it. But if he did, it would be *res judicata* and a complete defense to any future prosecution on the same facts." But perhaps at a later date the District Attorney may

find further facts which in his opinion give a different color to the whole transaction. Additional evidence may be procured by the prosecuting authorities which sheds a new light upon the transactions carried on by the appellant. Will the civil courts impede the administration of justice by placing a restraint upon the administrative officials who threaten to act under a statute concededly valid? Counsel even stated in argument that if the Equity Court should determine that the scheme was gambling the judgment would be binding on the defendant in a criminal court.

Appellant urges many cases as authority for the relief asked for in his complaint. None of them goes so far as appellant would have this court go in the present instance. In the case at bar, the criminal statutes are concededly valid, and there is no question of any right to any license or permission, nor of any right to proceed without a license. Many of the cases cited involved the constitutionality of statutes or rules and regulations. *Sage-Allen Co.* v. *Wheeler* (119 Conn. 667) was an action for judgment to the effect that certain rules of the State Board of Examiners in Optometry were illegal and void and for an injunction restraining them from enforcing said rules. *Erwin Billiard Parlor* v. *Buckner* (156 Tenn. 278) was a bill filed " for a decree declaring unconstitutional chapter 104 of the Private Acts of 1925, as amended by chapter 290 of the Private Acts of 1925, and for a decree of injunction restraining the defendants from proceeding in the criminal court against complainants for violations of said Private Acts." In *Utah State Fair Assn.* v. *Green* (68 Utah, 251): " The purpose of the action [was] to test the constitutionality of chapter 77 * * *." *Little* v. *Smith* (124 Kans. 237) involved an action to obtain the interpretation of a statute " and particularly a declaration and determination as to the validity of section 18 of that act." In *Dyson* v. *Attorney-General* ([1911] 1 K. B. 410): The " action was brought against the Attorney-General to test the validity of the notices

issued by the Commissioners of Inland Revenue under the Finance Act * * *." Similarly *Burghes* v. *Attorney-General* ([1911] 2 Ch. 139) involved an action " against the Attorney-General for a declaration that a certain form issued by the Commissioners of Inland Revenue * * * was illegal, unauthorized, and *ultra vires,* and that he was not under any obligation to comply with the requisitions of the form or any of them." *Bemis Bro. Bag Co.* v. *Wallace* (197 Minn. 216) was an action to determine the validity and construction of the " corporate excess tax act " and the rights and status of the plaintiff. The issues were whether section 2021 had been repealed by implication, and if not, whether they can be constitutionally applied to plaintiff.

In *Chung Mee Restaurant Co.* v. *Healey* (86 N. H. 483), the question was whether petitioner had to obtain a license under an ordinance and to provide a police officer in charge in accordance with the statute, and whether the State and municipality had the power to regulate such matters. In *Lagoon Jockey Club* v. *Davis County* (72 Utah, 405) the question was whether the provisions of a statute had been repealed. " It is conceded by all the parties here that the cooperative or pari-mutuel system of betting is a form of pool selling, and it follows from such concession that, unless the provisions of section 8161 relating to pool selling were repealed by the Redd Act, pool selling is still forbidden by law and punishable as a felony, as provided in said section." *Faulkner* v. *City of Keene* (85 N. H. 147) was an action for a declaration that the construction of a filling station did not require a license and was not in conflict with a zoning ordinance. In *Tirrell* v. *Johnston* (86 N. H. 530) plaintiff sought a declaration that he as a rural mail carrier was not subject to the gasoline road tax. The ground for refusing to pay the charge was an allegation that plaintiff is an agency of the Federal government and that the State could not, therefore, lay a charge of this character. *American Trust Co.* v. *McCallister* (136 Ore. 338) was an action for

a declaration of the status of plaintiff as affected by the Blue Sky Laws, that a section thereof exempts plaintiff from its operation; that plaintiff is not required to obtain a permit to sell stock and that plaintiff is not subject to the control or jurisdiction of the corporation commission.

Without expressing approval of these decisions, at least it can be said that we need not criticize the holdings. If the question here were whether the penal statutes infringed the Constitution, or whether plaintiff was required to obtain a license before engaging in his business, or whether the statute which was being enforced had been theretofore repealed, the courts could decree plaintiff's rights without impeding or interfering with the administration of the criminal law. In this case, the issue presented by counsel appeared to be whether the system in use was a *bona fide* method of accumulating a large stable of racing dogs, or whether the elaborate mechanics of the system was merely a camouflage for the taking of bets on the outcome of races. The system seems to be susceptible of such a use.

The other cases cited by appellant do not support his position. *Talbott* v. *Park* (256 Ky. 534) involved the question whether the position of member of the Board of Bar Commissioners of the State is incompatible with the office of the Commonwealth's attorney under a statute which provided that " the acceptance by one in office of another office or employments incompatible with the one he holds, shall operate to vacate the first." *Milwaukee E. Ry. & L. Co.* v. *City of South Milwaukee* (218 Wis. 24) was an action to determine the rights and status of plaintiff under a franchise ordinance. *State ex rel. Hopkins* v. *Grove* (109 Kans. 619) was an action by the Attorney-General for the purpose of determining the legal capacity of defendant to hold the office of member of the Board of Commissioners of the city to which he had been elected. The claim of disqualification was based on a statute which forbade an employee of a railroad company

operating under any franchise granted by the city from holding any city office.

The futility of resorting to Equity to determine whether certain or uncertain facts constitute crime is apparent when we consider the different measure of proof in criminal and civil cases. Should equity declare on disputed testimony or conflicting inferences by a fair preponderance of the evidence that a penal violation was proved, what would be the effect? *None.* It would not and could not be binding as *res adjudicata* or even as *stare decisis* in a subsequent prosecution where guilt must be established beyond a reasonable doubt. Should equity hold that no offense had been committed it would not be binding were the subsequent proof varied. In the meantime the applications for injunctions staying the criminal trials pending the hearing of the equity cases for declaratory judgments would disrupt prosecutions for crime and we would have more delay than at present. The policy of this State is to reduce delays in the trying of all cases, not to increase them by resort to unnecessary procedure. There is no need nor necessity for a resort to a trial in Equity to determine whether a scheme or device is gambling within the Penal Law. We might as well try out a larceny or a bigamy case in Equity. No doubt criminal prosecutions are always annoying and may disarrange the defendants' income and finances but never yet has this been sufficient to change the usual and customary course of prosecutions for crime. The declaratory judgment has proved and no doubt is a useful procedure but its usefulness will soon end when its advocates seek to make it a panacea for all ills, real or imaginary.

The judgment should be affirmed with costs.

LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur; O'BRIEN, J., taking no part.

Judgment affirmed.