NATHAN J. BUNIS, Doing Business under the Name of CLINTON BOOK SHOP, Appellant, *v.* JOHN J. CONWAY, JR., as District Attorney of Monroe County, Respondent.

Fourth Department, November 13, 1962.

*Harris, Beach, Keating, Wilcox, Dale & Linowitz (Thomas M. Hampson* of counsel), for appellant.

*John J. Conway, Jr., District Attorney,* in person, (*S. K. Pollard* of counsel), for respondent.

HALPERN, J. The plaintiff appeals from an order dismissing his complaint as insufficient, in an action for a declaratory judgment seeking an adjudication that the book "Tropic of Cancer" by Henry Miller is not "obscene" within the meaning of section 1141 of the Penal Law. The complaint alleged that the plaintiff conducted a bookstore in the City of Rochester and that he desired to sell the book but that the defendant, the District Attorney of Monroe County, had threatened to prosecute him for violation of section 1141 of the Penal Law if he sold it. The complaint alleged that the defendant "has made similar state-

ments to others and to the public at large to the effect that anyone who sold the book would be subject to prosecution under said section of the Penal Law ''. The complaint further alleged that the plaintiff believed that the book was not obscene and that he '' desire[d] to sell it if it [was] legal to do so ''. The complaint concluded with the statement that a prosecution would cause '' irreparable harm to plaintiff personally and to his business [and that the] plaintiff has no adequate remedy at law ''.

The Special Term dismissed the complaint upon motion upon the ground that an action for a declaratory judgment would not lie under the circumstances set forth in the complaint. In our opinion, the dismissal was erroneous.

An action for a declaratory judgment is the appropriate remedy for the determination of a justiciable controversy, where the plaintiff is in doubt as to his legal rights and wishes to avoid the hazard of taking action in advance of the determination of such rights (*James* v. *Alderton Dock Yards,* 256 N. Y. 298, 305).

It is the settled law that an action for a declaratory judgment will lie '' where a constitutional question is involved or the legality or meaning of a statute is in question and no question of fact is involved '' (*Dun & Bradstreet* v. *City of New York,* 276 N. Y. 198, 206). The remedy of declaratory judgment is available, not only where the validity of a statute is in question, but also where its construction or its application to an undisputed set of facts is in question (*New York Foreign Trade Zone Operators* v. *State Liq. Auth.,* 285 N. Y. 272).

However, as the Court of Appeals noted in the case last cited, the remedy '' is not available to restrain the enforcement of a criminal prosecution where the facts are in dispute, or open to different interpretations '' (p. 276, citing *Reed* v. *Littleton,* 275 N. Y. 150). The rationale seems to be that, if the facts upon which the propriety of a criminal prosecution would depend are in dispute, the dispute ought to be resolved by the trier of the facts in the criminal prosecution in accordance with the rules governing criminal cases and that the obtaining of a declaratory judgment as to the facts would improperly interfere with the administration of the criminal law. This reasoning, however, is inapplicable, if the crucial question is one of law, since the question of law will be decided by the court in any event and not by the trier of the facts. Therefore, it has been held that a determination of the question of law in a declaratory judgment action would not '' improperly interfere with criminal processes '' (*New York Foreign Trade Zone Operators* v. *State Liq. Auth., supra,* p. 277). '' Resort to this remedy and also to that of an injunction may be had even with respect to penal statutes and against

a public official or public agency whose duty it is to conduct appropriate prosecutions, if the purpose be to avoid irreparable injury and if the sole question is one of law '' (*De Veau* v. *Braisted*, 5 A D 2d 603, 606–607, affd. 5 N Y 2d 236, affd. 363 U. S. 144; see, also, *Herald Pub. Co.* v. *Bill*, 142 Conn. 53; *Lucky Calendar Co.* v. *Cohen*, 19 N. J. 399).

The question of whether a particular book is obscene within the meaning of section 1141 of the Penal Law is a question of law, appropriate for decision in a declaratory judgment action, under the rule laid down in the authorities cited. No question of fact is involved, in the sense of a question as to what had factually occurred or what is factually proposed to be done. The content of the book is fixed and immutable. There may be different views as to whether the book comes within the condemnation of section 1141 of the Penal Law but this presents a question of law for ultimate decision by the court, depending upon the court's determination of the meaning, scope and applicability of the statute.

The peculiar nature of the question to be decided in an obscenity case was elucidated by Judge FULD in *People* v. *Richmond County News* (9 N Y 2d 578): '' [T]he question whether a particular work is of that character [obscene] involves not really an issue of fact but a question of constitutional *judgment* of the most sensitive and delicate kind '', quoting from the concurring opinion of Mr. Justice HARLAN in *Roth* v. *United States* (354 U. S. 476, 497–498). '' It involves not a simple question of fact, but a mixed question of fact and constitutional law, calling upon the court to make an appraisal of a publication and its contents against the requirements embodied in both State and Federal Constitutions (N. Y. Const., art. I, § 8; U. S. Const., 1st and 14th Amdts.). Consequently, if an appellate court were to rely upon and be bound by the opinion of the trier of the facts as to the obscenity of a publication it would be abdicating its role as an arbiter of constitutional issues '' (pp. 580–581).

As this statement indicates, the question in an obscenity case is ultimately a question of constitutional law, in view of the limitations upon the power of the Legislature in this field, imposed by section 8 of article I of the New York State Constitution and by the First and Fourteenth Amendments of the United States Constitution. If the book is held not to fall within the terms of the statute, that is the end of the matter but, if it is held that it comes within the terms of the statute, then the question must be faced whether the statute, as construed and applied, is a constitutional one. This question is ultimately one for decision, so far as the courts of this State are concerned, by the

Court of Appeals (whose jurisdiction is of course limited, with exceptions not here relevant, to questions of law). Finally, the decision of the Court of Appeals may be reviewed by the United States Supreme Court. Each court is required "to make an independent constitutional appraisal" of the book in controversy (*People* v. *Richmond County News,* 9 N Y 2d 578, 580, *supra; People* v. *Finkelstein,* 11 N Y 2d 300, 305, cert. denied 371 U. S. 863). The remedy of an action for a declaratory judgment is particularly appropriate for the determination of constitutional questions (*Dun & Bradstreet* v. *City of New York,* 276 N. Y. 198, 206, *supra*).

It has been suggested that in obscenity cases, the judgment of the community should be obtained through a jury verdict as an aid to the determination by the appellate courts. If this is thought to be desirable or important, appropriate machinery is available within the declaratory judgment action for the impanelling of a jury to try the issue (Civ. Prac. Act, § 473; Rules Civ. Prac., rule 213).

If relief by way of a declaratory judgment were not available, the Chief of Police, the District Attorney or other local law-enforcement authorities could impose an informal censorship merely by announcing that anyone selling a particular book would be prosecuted. Booksellers are naturally reluctant to incur the risk of criminal prosecution since that entails adverse publicity and physical and mental strain as well as expense, even though the prosecution should ultimately terminate in the dismissal of the charge. They may therefore refrain from selling the book denounced by the authorities and, in that event, no occasion for criminal prosecution ever arises. The mere threat of prosecution may thus have the effect of deterring or suppressing the sale of the book without any judicial determination ever being made as to whether the book is actually obscene. Such a system of informal censorship has been repeatedly condemned as a prior restraint by the action of governmental officials, in violation of the First and Fourteenth Amendments. It has been held that, if the public authorities promulgate a list of "objectionable" books or magazines and threaten to prosecute any person who sells the listed books or magazines, an action for an injunction may be maintained against the publicizing of the list and the making of the threats of prosecution, on the ground that these acts of themselves are a violation of due process (*Dearborn Pub. Co.* v. *Fitzgerald,* 271 F. 479; *American Mercury* v. *Chase,* 13 F. 2d 224; *HMH Pub. Co.* v. *Garrett,* 151 F. Supp. 903; *New American Lib. of World Literature* v. *Allen,* 114 F. Supp. 823; *Bantam Books* v. *Melko,* 25 N. J. Super. 292,

mod. 14 N. J. 524; for a parallel case of an injunction against a threat of the revocation of newsdealers' licenses by the Commissioner of Licenses, see *Sunshine Book Co.* v. *McCaffrey,* 4 A D 2d 643; but see, *Bantam Books* v. *Sullivan,* 176 A. 2d 393 [R. I.], probable jurisdiction noted by the United States Supreme Court June 26, 1962; see note, 110 U. of Pa. L. Rev. 1162 [June, 1962]; 33 N. Y. U. L. Rev. 989, 1007–1008, note).

The use of declaratory judgment procedure is the most effective method of overcoming any attempt by local government officials to impose extralegal censorship. A bookseller, faced with a threat of prosecution if he sells a book condemned by the authorities, may escape from the dilemma by procuring, in an action for a declaratory judgment, a judicial determination as to the legality of the sale of the book, without first selling the book and incurring the risk of prosecution (see *De Veau* v. *Braisted,* 5 A D 2d 603, 607, affd. 5 N Y 2d 236, affd. 363 U. S. 144, *supra*).

The entertaining of declaratory judgment actions in obscenity cases thus not only protects the legitimate interests of booksellers but also serves the public interest by preventing the creation of an extralegal system of censorship by the local police or prosecuting authorities.

We need hardly add that we are not concerned at this time with the question of whether the particular book here involved is or is not obscene within the meaning of section 1141 of the Penal Law. That question is to be determined by the court in its decision upon the merits. All that we hold at this time is that a declaratory judgment action will lie and that the dismissal of the complaint was erroneous.

The order appealed from should therefore be reversed and the motion to dismiss the complaint denied.

WILLIAMS, P. J., BASTOW, GOLDMAN and HENRY, JJ., concur.

Order unanimously reversed, without costs of this appeal to either party, and motion denied, without costs.