Bernard S. Meyer, J.
In what has been incorrectly designated a petition, plaintiffs ask judgment declaring an ordinance of the City of Long Beach void and restraining its enforcement. The instant motion seeks an injunction pendente lite. It is granted and bond is fixed at $1,000.
By ordinance adopted April 6, 1965, the Municipal Code was amended to make it ‘ ‘ unlawful for any Supper Club or Cabaret license holder to suffer, permit or allow any entertainment, music or other similar activity on its premises after 11:00 p.m. from Sunday through Thursday of each week, and after 12:00 midnight on Friday and Saturday of each week.” (Municipal Code of the City of Long Beach, ch. 5, art. 1, § 5-106.5, subd. [e].) Each of the plaintiffs holds a supper club license issued by the city as well as a license from the State Liquor Authority for on-premises consumption of liquor. Each has been in operation for many years and represents an investment substantial in value.
To be granted a temporary injunction plaintiffs must show both irreparable injury and a clear legal right to the relief (Reed v. Littleton, 275 N. Y. 150, 153). Plaintiffs have sustained that burden. It is undisputed that their patrons begin to arrive at 10:00 p.m., and that the bulk of their business is done after 11:00 p.m. on Sundays through Thursdays and after midnight Friday and Saturday. Likewise undisputed is it that each of the plaintiffs during the first week end that the ordinance was in effect suffered a reduction in receipts of approximately 50% as compared with the previous week end. Irreparable injury has, therefore, been sufficiently shown.
A clear legal right to relief exists because the ordinance suffers at least two constitutional infirmities. First, since it specifies an hour beyond which entertainment or music may not be permitted without indicating how long the prohibition continues, the ordinance is void for vagueness. 'Since Friday ends at midnight, an ordinance which prohibits an act ‘ ‘ after 12:00 midnight on Friday ’ ’ prohibits that act for all of Saturday, yet the prohibition against the same act ‘ ‘ after 12:00 midnight on * * * Saturday” shows that the act is permitted at some *187 time on ¡Saturday. Likewise it is unclear when between midnight Saturday and 11:00 p.m. Sunday entertainment or music may be permitted.
Perhaps the more important constitutional problem is that the ordinance discriminates against holders of supper club licenses. It does not apply to hotels and catering establishments supplying entertainment and dancing with live musicians and performers, nor to restaurants, bars and taverns providing music through record players or tape recorders. Plaintiffs may not “ allow any * * * music * * * on its [their] premises ” after the specified times, whereas others using live music in hotels or catering establishments or operating as discotheques rather than using live music may. The city’s reliance on subdivision (2) of section 7-201 as prohibiting recorded music after given hours by bars, grills and the like is misplaced, for a reading of that section shows it to be related to 1 ‘ out of doors ’ ’ activities.
The amendment contains no statement of purpose, but since the city does not deny that plaintiffs have not been prosecuted under existing antinoise provisions of the same section 5-106.5 of the code, it cannot be inferred that the problem is one of noise emanating from the supper clubs. Affidavits submitted by defendants state that the purpose was to curb rowdyism and noise on the streets by patrons who had left the clubs. The connection of supper clubs with those claimed acts of misconduct is not factually established, but more importantly the absence of connection by other establishments permitted to have entertainment or music after the stated hours is not shown either.
On the argument of the motion the stay contained in the order to show cause was continued until determination of the motion. It is now continued until entry of the order hereon. ¡Settle order on notice, which may, if defendants so request, provide for early trial. The required bond should be submitted with the order.