Carrollton A. Roberts, J.
Plaintiff has commenced an action against the Town of Bast Bloomfield and the named town officers to restrain the enforcement against him of Local Law No. 1. That ordinance, effective January 8, 1968, prohibits the dumping in the Town of East Bloomfield of junk, garbage and refuse from sources located outside the town. Violation of the ordinance is a misdemeanor punishable by a fine of not more than $500 and/or imprisonment for a term of not more than one year.
Plaintiff alleges that he is under contract to haul pomace from a company which processes apples and apple juice and further alleges that after the pomace is hauled to his property, it is plowed under as fertilizer. The town, on the other hand, alleges that the pomace is not fertilizer but rather garbage and waste. Further, the town alleges that plaintiff has allowed the pomace to collect on his property and has made little or no effort to plow the pomace under. Plaintiff prays in his complaint for an order restraining the town from enforcing the ordinance against him on the ground that threatened enforcement will disrupt and interfere with his allegedly lawful contract with the apple processing company. The motion before this court seeks a preliminary injunction prohibiting enforcement of the ordinance pending the outcome of plaintiff’s action. On argument and thereafter, it developed that enforcement by the town was no longer merely threatened but that plaintiff had been arrested pursuant to Local Law No. 1 and prosecution com *788 menced. Therefore, the ultimate relief now sought by plaintiff is an order restraining or prohibiting a criminal prosecution pending the resolution of his civil action — an action which seeks exactly the same relief and which fails in any way to question the regularity of the adoption of the ordinance or its constitutionality.
The case most closely in point is Reed v. Littleton (275 N. Y. 150, 153-154, 156-157), where the court affirmed the dismissal of a civil action in which plaintiff sought a declaration whether certain alleged acts constituted a violation of a criminal statute, without challenging the constitutionality of the statute, and further sought a preliminary injunction pendente lite. Said the court:
“ The court of equity has at times been called upon to enjoin the enforcement of a criminal prosecution. The rule has been firmly established that it will not ordinarily intervene'to enjoin the enforcement of the law by the prosecuting officials (Davis v. American Society, 75 N. Y. 362; Delaney v. Flood, 183 N. Y. 323) unless under proper circumstances there would be irreparable injury, and the .sole question involved is one of law (Mills Novelty Co. v. Sunderman, 266 N. Y. 32) where a clear legal right to the relief is established (Triangle Mint Corp. v. Mulrooney, 257 N. Y. 200). * * *
“ Where administrative officials act under a statute which infringes the Constitution, or under rules or regulations that are invalid, a person may have the right to petition the court to determine the jural relations, and to have the invalidity of the statute, rule or regulation declared. Here there is no question of invalidity of the statute. (Emphasis added.) * * *
‘ ‘ In the case at bar, the criminal statutes are concededly valid, and there is no question of any right to any license or permission, nor of any right to proceed without a license. (Emphasis added.) * * *
1 ‘ If the question here were whether the penal statutes infringed the Constitution, or whether plaintiff was required to obtain a license before engaging in his business, or whether the statute which was being enforced had been theretofore repealed, the courts could decree plaintiff’s rights without impeding or interfering with the administration of the criminal law. * * #
“ The futility of resorting to Equity to determine whether certain or uncertain facts constitute crime is apparent when we consider the different measure of proof in criminal and civil cases. Should equity declare on disputed testimony or *789 conflicting inferences by-a fair preponderance of the evidence that a penal violation was proved, what would be the effect? None. It would not and could not be binding as res ad judicata or even as stare decisis in a subsequent prosecution where guilt must be established beyond a reasonable doubt. Should equity hold that no offense had been committed it would not be binding were the subsequent proof varied. In the meantime the applications for injunctions staying the criminal trials pending the hearing of the equity cases for declaratory judgments would disrupt prosecutions for crime and we would have more delay than at present. The policy of this State is to reduce delays in the trying of all cases, not to increase them by resort to unnecessary procedure.” (See, also, Commander Oil Corp. v. Town of Oyster Bay, 41 Misc 2d 926; 7A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 6301.34.)
Like the Reed case, the instant suit does not challenge the ordinance on constitutional grounds but rather seeks a declaration whether certain facts — the dumping or plowing under of pomace — constitute a violation of the ordinance in question. At the root of the controversy is the question whether pomace is garbage and waste or a fertilizer. All of these issues are factual in nature and are better left for determination in the already commenced criminal prosecution. No question of law has been raised for determination by this court with regard to the regularity or validity of the ordinance. Accordingly, the motion for preliminary injunction is denied and the complaint dismissed.