■ HENRY MODELL & CO., INC., et al., Respondents, v REGENCY-LEXINGTON PARTNERS et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County, entered June 30, 1978, which, to the extent appealed from, granted plaintiffs' motion for a preliminary injunction, reversed, on the law and in the exercise of discretion, to deny the motion for a temporary injunction, without costs or disbursements. We appreciate that the temporary injunction granted at Special Term represented a conscientious effort to permit the renovation and reconstruction of the former Hotel Commodore to proceed without causing severe economic damage to retail tenants and without creating a danger to pedestrians. Unfortunately, the injunctive relief appears to require the defendants to violate a valid provision of the New York City Building Code. We know of no authority permitting a court to require such a violation. In *Reed v Littleton* (275 NY 150, 153), the Court of Appeals held that a court of equity "will not ordinarily intervene to enjoin enforcement of the law * * * unless under proper circumstances there would be irreparable injury, and the sole question involved is one of law *(Mills Novelty Co. v. Sunderman,* 266 N. Y. 32) where a clear legal right to the relief is established *(Triangle Mint Corp. v. Mulrooney,* 257 N. Y. 200)." No issue of law is here presented since there is no challenge to the validity of the provision of the building code, violation of which was required by the injunction issued at Special Term. Concur—Silverman, Fein and Sandler, JJ.

Kupferman, J. P., and Yesawich, J., dissent in a memorandum by Kupferman, J. P., as follows: We would affirm the determination of the court at Special Term. When confronted with a practical problem, a court of equity must balance the convenience of the various parties and avoid a doctrinaire approach. The former Hotel Commodore on 42nd Street is being renovated and reconstructed into a new Hyatt Hotel. Among other things, the facade of the building is being replaced with an entirely new glass curtain wall. In accordance with the provisions of the New York City Building Code, a sidewalk shed was constructed, which because of the unique circumstances involved in the renovation, could not be built solidly against the old building facade. The effect of this protective shed was to impair the ability of tenants of stores to continue to do business with pedestrians and passersby because of plywood boarding in front of the storefronts of the plaintiffs. The City of New York, which was named as a defendant in this proceeding for an injunction brought on behalf of the tenant-storekeepers, opted to get out of the case, and its motion was granted, and it does not oppose the result obtained by virtue of the temporary injunction granted at Special Term. The court determined, and its order so provides, that a sidewalk shed be built in a manner which would protect pedestrians, but would also prevent the storekeepers from being put out of business. As a part thereof, the order provides that the City of New York should take no steps "to stop construction because of any violation of the Building Code caused by this order without making application to this Court." The circumstances require this approach, the City of New York does not complain, yet this court would reverse, and we must dissent.