SNAP 'N' POPS, INC., Appellant, v DENIS DILLON, as District Attorney for the County of Nassau, et al., Respondents.

Second Department, January 29, 1979

## APPEARANCES OF COUNSEL

*Allen R. Morganstern* for appellant.

*Edward G. McCabe, County Attorney (Matthew A. Tedone* of counsel), for respondents.

## OPINION OF THE COURT

SHAPIRO, J.

Plaintiff-appellant is the manufacturer of an item called "SNAP 'N' POPS". In its complaint it sought a judgment restraining and enjoining the defendants-respondents from interfering with the sale, transportation, distribution and storage of its product. The complaint also sought a declaration that the item in question did not fall within the definition of the term "fireworks" contained in section 270.00 of the Penal Law and therefore could legally be sold within this State.

After hearing expert testimony from both sides the Trial Justice made a declaration "that the novelty item in question is a firework within the meaning of § 270 [sic] of the Penal Law" and denied "the application by plaintiff for injunctive relief".[1] The judgment should be modified by deleting the declaration and dismissing the complaint upon the ground that the court should not have entertained this action as one for a declaratory judgment and that therefore injunctive relief was properly denied.

The "jurisdiction to render a declaratory judgment is discretionary in character" (24 Carmody-Wait 2d, NY Prac, § 147:5, p 389). However such discretion is not unlimited and is generally abused when a declaratory judgment is issued in an action which seeks to enjoin enforcement of the Penal Law (*Reed v Littleton,* 275 NY 150, *supra;* 20 NY Jur, Equity, § 43), unless the sole issue is one of law (see *Bunis v Conway,* 17 AD2d 207; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3001.06k). In *Reed (supra)* this court reversed a declaratory judgment in favor of the plaintiff and directed a dismissal of the complaint (249 App Div 310). In affirming, the Court of Appeals said *(supra,* pp 153-157):

"The court of equity has at times been called upon to enjoin the enforcement of a criminal prosecution. The rule has been

---

1. Peculiarly, defendants made no motion either at the end of the plaintiff's case or at the end of the entire case to dismiss plaintiff's complaint, apparently desiring a declaration from the court to support their contention that the item in question was indeed a firework within the meaning of section 270.00 of the Penal Law. Ordinarily the parties may chart their own procedural course (*Cullen v Naples,* 31 NY2d 818; *Matter of McGirr v Division of Veterans' Affairs, Executive Dept., State of N. Y.,* 56 AD2d 653), but we hold that in a case such as this, which involves public policy and the enforcement of the criminal law, we should not and will not be bound by the procedural strategy of counsel. Apparently, the Court of Appeals took the same position in *Reed v Littleton* (275 NY 150), for there, too, not only the plaintiff but also the District Attorney asked that a declaratory judgment issue.

firmly established that it will *not* ordinarily intervene to enjoin the enforcement of the law by the prosecuting officials *(Davis v. American Society,* 75 N.Y. 362; *Delaney v. Flood,* 183 N.Y. 323) unless under proper circumstances there would be irreparable injury, and the sole question involved is one of law *(Mills Novelty Co. v. Sunderman,* 266 N.Y. 32) where a clear legal right to the relief is established *(Triangle Mint Corp. v. Mulrooney,* 257 N.Y. 200) * * *

"There is no need nor necessity for a resort to a trial in Equity to determine whether a scheme or device is gambling within the Penal Law. We might as well try out a larceny or a bigamy case in Equity. No doubt criminal prosecutions are always annoying and may disarrange the defendants' income and finances but never yet has this been sufficient to change the usual and customary course of prosecutions for crime. The declaratory judgment has proved and no doubt is a useful procedure but its usefulness will soon end when its advocates seek to make it a panacea for all ills, real or imaginary".

In *International Mutoscope Reel Co. v Valentine* (271 NY 622), a case much like this one and involving alleged gambling machinery, the plaintiffs sought a judgment declaring that their machines, known as "crane", "claw" and "digger", did not come within the provisions of the Penal Law. The court gave the contention short shrift by saying *(supra,* p 623) "that the case is not one for a declaratory judgment."

In *New York Foreign Trade Zone Operators v State Liq. Auth.* (285 NY 272, 276), the court said: "The remedy [a declaratory judgment] is available in cases 'where a constitutional question is involved or the legality or meaning of a statute is in question and no question of fact is involved.' *(Dun & Bradstreet, Inc., v. City of New York* [276 NY 198], *supra,* p. 206; *Bank of Yorktown v. Boland,* 280 N.Y. 673.) The remedy, however, is not available to restrain the enforcement of a criminal prosecution where the facts are in dispute, or open to different interpretations. *(Mills Novelty Co. v. Sunderman,* 266 N.Y. 32; *Reed v. Littleton, supra; Guide Escort Service, Inc., v. Moss,* 260 App. Div. 920.)"

In *Bunis v Conway* (17 AD2d 207, 208, *supra),* the court said: "It is the settled law that an action for a declaratory judgment will lie 'where a constitutional question is involved or the legality or meaning of a statute is in question and no question of fact is involved' * * * The remedy of declaratory judgment is available, not only where the validity of a statute

is in question, but also where its construction or its application to an *undisputed* set of facts is in question" (emphasis supplied).

In this case there is an issue of fact, the resolution of which depends upon whether the trier of the facts credits the plaintiff's or the defendants' experts. The plaintiff, in effect, admits this to be so by its contention that "the weight of the credible evidence before the court did in fact differentiate Plaintiff-Appellant's product in question from those defined by Section 270.00, subdivision 1 of the Penal Law" and that the trial court erred "in discounting the testimony of Plaintiff-Appellants' [sic] experts, and in relying upon the testimony of Defendant-Respondents experts".

Under the circumstances, the court should have refused to make a declaratory judgment either for or against the plaintiff. Accordingly, the judgment appealed from should be modified by dismissing the complaint without a determination of the factual issues involved and, as so modified, affirmed, without costs.[2]

HOPKINS, J. P., SUOZZI and RABIN, JJ., concur.

Judgment of the Supreme Court, Nassau County, dated October 3, 1977, modified, on the law, by deleting the first decretal paragraph thereof and substituting therefor a provision dismissing the complaint. As so modified, judgment affirmed, without costs or disbursements.

2. We award no costs because defendants failed to raise what we consider to be the pertinent issue in this case.