■ BARIS SHOE CO., INC., Appellant, v TOWN OF OYSTER BAY et al., Respondents. [650 NYS2d 776] —In an action, *inter alia*, for a judgment declaring that the plaintiff was entitled to continue its present use of part of the premises at 280 Duffy Avenue in Hicksville as a retail shoe store, the plaintiff appeals, as limited by its brief, from (1) an order of the Supreme Court, Nassau County (Collins, J.), dated February 24, 1994, which denied the plaintiff's motion for a preliminary injunction, and (2) stated portions of an order and judgment (one paper) of the same court dated January 5, 1995, which, inter alia, denied the plaintiff's motion for summary judgment and declared that the use of part of the premises at 280 Duffy Avenue in Hicksville as a retail shoe store without a special "exception" permit violated the Town of Oyster Bay Zoning Code.

Ordered that the appeal from the order dated February 24, 1994, is dismissed; and it is further,

Ordered that the order and judgment dated January 5, 1995, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

The plaintiff, a shoe manufacturer, is lessee of a warehouse in Hicksville (hereinafter the premises). The premises is located in an "H", or light industrial, zone. Prior to signing the lease in 1990, the plaintiff required the landlord to obtain a written statement from the defendant Town of Oyster Bay indicating that the use of approximately 10% of the premises as a retail shoe sales operation would not violate the Town's zoning ordinances. By letter dated February 20, 1990, the defendant Deputy Commissioner of the Department of Planning and Development wrote, "[if] 90 percent of the floor area is used for warehousing and shipping and the remaining 10 percent devoted to office and retail, it is the opinion of this Department that said uses would be permitted". The plaintiff, through a wholly-owned subsidiary, began operating such a retail shoe store in June of 1990. However, in July of 1993, apparently in response to complaints, the plaintiff received a criminal summons for various violations of the Town's zoning ordinances arising from its operation of the retail shoe store. The plaintiff thereafter commenced this action seeking, *inter alia,* an injunction prohibiting the Town from prosecuting the

related criminal action, and a declaration that the plaintiff was entitled to continue its present use.

The plaintiff argues that the Town should be enjoined from continuing the criminal action (which apparently is still pending), *inter alia,* because the Town is selectively enforcing the ordinance. Indeed, the plaintiff alleges that seven other premises within the "H" zone are being operated in a substantially similar manner. However, although the plaintiff may choose to raise this argument in the related criminal proceeding *(see, People v Goodman,* 31 NY2d 262; 6 Warren's Weed, New York Real Property, Zoning: Enforcement, § 4.02 [6]), it does not warrant the injunctive relief requested, on the facts presented. " 'The rule has been firmly established that [a court] will *not* ordinarily intervene to enjoin the enforcement of the law by the prosecuting officials *(Davis v. American Society,* 75 N.Y. 362; *Delaney v. Flood,* 183 N.Y. 323) unless under proper circumstances there would be irreparable injury, and the sole question involved is one of law *(Mills Novelty Co. v. Sunderman,* 266 N.Y. 32) where a clear legal right to the relief is established *(Triangle Mint Corp. v. Mulrooney,* 257 N.Y. 200)' " *(Snap 'N' Pops v Dillon,* 66 AD2d 219, 220-221).

Here, the use of property in an "H" zone as a retail operation is only permitted by special exception *(see,* Town of Oyster Bay Zoning Code, art XXIII, §§ 246-271, 246-272), which has not been sought here. Further, there is a question of fact, *inter alia,* whether or not selective enforcement is occurring. Thus, the related criminal proceeding should not be enjoined.

Further, the plaintiff argues, based on the Town's past interpretation of its ordinances as permitting an "accessory" or "ancillary" use of up to 10% of a property in an "H" zone for a retail operation, this Court should declare that the Town is estopped from prospectively prohibiting the plaintiff from using its premises for such. However, it is well settled that, in general, a municipality may not be estopped from enforcing its zoning ordinances *(see, Matter of Parkview Assocs. v City of New York,* 71 NY2d 274, *cert denied* 488 US 801; 6 Warren's Weed, New York Real Property, Zoning: Enforcement, § 4.02 [4]). Zoning authorities vested with the power to interpret zoning provisions may modify or overrule past decisions *(see, Matter of Glick v Summer,* 213 AD2d 403; *Matter of Wolfram v Abbey,* 55 AD2d 700). Here, the facts do not warrant departure from these well-settled principles *(cf., Eden v Board of Trustees,* 49 AD2d 277). Thus, declaratory relief is not warranted.

The plaintiff's remaining contentions are without merit. Rosenblatt, J. P., O'Brien, Ritter and Friedmann, JJ., concur.