*512 In an action, inter alia, for a judgment declaring that certain property is a legal three-family dwelling, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated August 15, 2007, as denied that branch of its cross motion which was to vacate a stay of the prosecution of an action entitled People v Cooper, now pending in the District Court, Suffolk County, Fifth District, under docket number ISTO 1942-06.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant’s cross motion which was to vacate a stay of the prosecution of an action entitled People v Cooper, now pending in the District Court, Suffolk County, Fifth District, under docket number ISTO 1942-06, is granted.
The plaintiff is the owner of a building located in the Town of Islip, which he contends is a legal three-family dwelling, and which he rents out to various tenants. The plaintiff further alleges that the Town has improperly classified the property as a one-family dwelling and has refused to issue him the rental permit required by the Town’s Code. In 2005 the plaintiff commenced this action for a judgment declaring that the property is a legal three-family dwelling, and to compel the Town to issue a rental permit for the property. In 2006 the Town commenced a criminal action in the District Court, Suffolk County, alleging that the plaintiff violated the Islip Town Code by renting the property without the necessary permit. The plaintiff then moved to remove the District Court action to the Supreme Court and obtained a stay of the District Court action pending the determination of the motion. The Town cross-moved to dismiss the declaratory judgment action and to vacate the stay. The Supreme Court, inter alia, denied the plaintiff’s motion to remove the criminal action and denied that branch of the Town’s cross motion which was to vacate the stay.
In the case of Reed v Littleton (275 NY 150, 153 [1937]), the Court of Appeals set forth the general proposition that courts of equity “will not ordinarily intervene to enjoin the enforcement of the law by prosecuting officials.” As the Court further explained in the later case of Matter of Morgenthau v Erlbaum (59 NY2d 143, 150-151 [1983], cert denied 464 US 993 [1983] [internal quotation marks omitted]): “The remedy of [declaratory judgment] is available in cases ‘where a constitutional question is involved or the legality or meaning of a statute is in question and no question of fact is involved’ (Dun & Bradstreet, Inc. v. City of New York . . . [276 N.Y. 198, 206]; Bank of Yorktown v. Boland, 280 N.Y. 673). The remedy, however, is not *513 available to restrain the enforcement of a criminal prosecution where the facts are in dispute, or open to different interpretations (New York Foreign Trade Zone Operators, Inc. v State Liq. Auth., 285 NY 272, 276)” (see also Ulster Home Care v Vacco, 255 AD2d 73, 77 [1999]).
Here, there is no constitutional issue involved and the plaintiff does not even question the legality of the town ordinance which requires that he obtain a rental permit for the building in question. In addition, there clearly is a factual dispute as to whether the property should be classified as a one-family or a three-family dwelling. Accordingly, the plaintiffs declaratory judgment action could not serve as a basis to restrain the enforcement of the District Court criminal prosecution (see Reed v Littleton, 275 NY 150 [1937]; Mann v Town of Southold, 44 Misc 2d 978 [1964]). Therefore, the Supreme Court erred in denying that branch of the Town’s cross motion which was to vacate the stay. Lifson, J.E, Santucci, Balkin and Belen, JJ., concur. [See 2007 NY Slip Op 32721(U).]